## Bolton, Appellant, *v.* McKelvey.

*Municipal corporations—Townships of second class—Road supervisors—Books and papers—Taxpayer's right to inspect—Mandamus—Proper party defendant—Act of June 14, 1911, P. L. 942 —Construction.*

A writ of alternative mandamus to enable a taxpayer to obtain access to the minutes and account books of the supervisors of a township of the second class is, under the Act of June 14, 1911, P. L. 942, providing for the regulation and management of roads in townships of the second class, properly directed to the board and its individual members and not to the secretary of the board.

Argued Oct. 2, 1914. Appeal, No. 214, Oct. T., 1914, by plaintiff, from judgment of C. P. Westmoreland Co., Feb. T., 1914, No. 128, refusing mandamus in case of C. H. Bolton v. William McKelvey, Horace Knight and David Errett, Supervisors of the Township of Sewickley, and the Township of Sewickley. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Petition for mandamus. Before McCONNELL, J.

The opinion of the Supreme Court states the facts.

The plaintiff demurred to the defendant's answer. The court overruled the demurrer and quashed the alternative writ. Plaintiff appealed.

*Error assigned* was in quashing the writ of mandamus.

*John E. Kunkle,* with him *J. Harry Pershing* and *Christ. C. Walthour,* for appellant.

*Edward E. Robbins,* with him *Adam M. Wyant,* for appellees.

OPINION BY MR. JUSTICE MESTREZAT, January 11, 1915:

This is an application for a mandamus to compel the defendants as supervisors of Sewickley Township, Westmoreland County, to give the plaintiff, a taxpayer, access to their minutes and books of account. The petition is in due form, and an alternative writ of mandamus was issued. The defendants filed an answer which is wholly inadequate and insufficient. The plaintiff demurred to the answer, and the case was heard on the pleadings. The learned court filed an exhaustive opinion, entered judgment for the defendants and quashed the alternative writ. He held that the plaintiff was, in general, entitled to have access to the books, when a proper occasion exists, but that the secretary of the board of supervisors and not the board itself is the legal custodian of the books and, therefore, the writ would not lie against the board to compel it to furnish the plaintiff access to its minutes and other books. The learned judge based his conclusion on his interpretation of sections 2 and 11 of the Act of June 14, 1911, P. L. 942.

We do not agree with the learned court below in its construction of the Act of 1911, as applicable to the facts of the present case. Sewickley Township is a township of the second class, and the Act of 1911 provides a complete system for the regulation and management of roads in such townships. There was prior legislation on the subject, but the later act repealed all legislation in conflict with it. Section 11 of the act provides: "The board of township supervisors shall keep minutes of their proceedings, and such books as they may find necessary in the performance of their duties; all of which shall be open for the inspection of any taxpayer, at all reasonable times, and which shall be submitted for the information of the township auditors when said auditors meet to audit the accounts of the treasurer and other township officers; and shall deliver such books,

papers and accounts to their successors." In other words this section requires the supervisors to keep minutes of their proceedings and other necessary books, that they shall be open for the inspection of any taxpayer, and that the board shall deliver such books to their successors in office. It certainly will not seriously be contended that the books kept by the supervisors under this section of the act are not within the control and in the legal custody of the board which is required to furnish them, on a reasonable demand, for the inspection of any taxpayer of the township. Under this provision, therefore, it is manifest that as the plaintiff had made a reasonable demand for an inspection of the books, he was entitled to be furnished access to them by the supervisors, and if they failed to comply with his request a writ of mandamus would lie against them. They are the legal custodians of the books and as such the writ properly went out against them.

It is contended, however by the defendants that section 11 must be read in connection with section 2 of the act and to give effect to both sections requires that they shall be so construed as to give the secretary of the board and not the board itself the legal custody of the books, to whom application for their inspection should be made and against whom a writ of mandamus should issue on failure to afford an opportunity for inspection. Section 2 provides that the supervisors shall organize as a board by electing one of their number as chairman and shall appoint a treasurer and secretary, "and the secretary shall perform all the duties heretofore performed by the township clerk, which office is hereby abolished." The contention of the defendants is that the secretary occupies the same position as the township clerk under former legislation, performing the same duties and having the same control of the records required to be kept by him, and that, therefore, the secretary and not the board, is the custodian of the minutes of the proceedings of the supervisors. The learned court below ruled the

case upon this theory of the duties of the secretary, and held that he is the custodian of the books and amenable to the process of the court in a proceeding to compel inspection. If this be correct interpretation of section 2, it is in direct conflict with the provisions of section 11. The former section, however, will not be construed so as to produce a conflict if it can reasonably be avoided. As already suggested, section 11 is so clear that it needs no legal interpretation. It requires the board of supervisors to keep books, that they shall be open for the inspection of any taxpayer, that they shall be submitted to the township auditors, and that the supervisors shall deliver them to their successors. It is manifest, we think, that these duties cannot be performed by the supervisors unless they have the legal custody of the books. It certainly would be anomalous to hold that any official board, required by the law to keep books containing a record of its business and to deliver them to their successors in office, should not have the possession and control of such books. The performance of its duties by the board of supervisors requires that the legal custody of the books be in the board and subject to its control.

Prior to the Act of June 23, 1897, P. L. 194, the township clerk, who was a township officer elected by the people, was declared by the Act of April 15, 1834, P. L. 537, to be clerk to the supervisors, and he was required to provide a suitable book "for the purpose of entering therein all matters of which he shall by law be required to keep a record." While the Act of 1834 required the supervisors to keep "fair and clear accounts," and to exhibit them to the township auditors, it did not provide a clerk or secretary for that purpose. The duty was imposed upon the township clerk. This was changed by the Act of 1897 which required the board to elect one of their number as secretary, and for the first time it was enacted that the supervisors should keep such books as were necessary in the performance

of their duties which should be open for the inspection of any taxpayer. Prior to this act the duty of keeping the books open for inspection was imposed on the town clerk. The subsequent Acts of April 12, 1905, P. L. 142; May 13, 1909, P. L. 752, and June 14, 1911, P. L. 942, follow the Act of 1897 and require the board of supervisors to keep minutes of their proceedings and the necessary books which shall be open to the inspection of taxpayers. And the Act of 1911 expressly provides that "all acts or parts of acts, general, special or local, inconsistent herewith or supplied hereby, be and the same are hereby repealed." The office of township clerk, therefore, was not only abolished by the act, but all prior legislation, general or special, requiring such officer to provide and keep the books of the supervisors, clearly inconsistent with the Act of 1911, is repealed, and hence such duties were not imposed on the secretary appointed by the board. It was not the legislative intent to abolish the office of town clerk and create another township officer to be designated as secretary who was to perform the duties of the former office which had been abolished. It cannot be presumed that the legislature intended the board of supervisors should keep books as required by section 11, for the inspection of the public, and that the board's secretary should also keep books for the same purpose. Such must be the conclusion if section 11 means what it clearly says, and section 2 imposes on the secretary of the board the former duties of a town clerk to provide and keep the books of the supervisors as required by the Act of 1834. We think, however, it was the legislative intent in enacting section 2 of the Act of 1911 that the secretary, authorized to be appointed by the board, should act simply as its clerk in recording the minutes of its proceedings, attending to its correspondence, and performing such other duties as are usually incident to the position of secretary of an individual or corporation. This interpretation gives due effect to and harmonizes the

sections in question and places the custody of the minutes and books of the board of supervisors where it properly belongs.

The judgment of the court below is reversed, the demurrer to the answer is sustained and judgment is entered in favor of the plaintiff, and a peremptory writ of mandamus is directed to be issued against the defendants. The costs of this proceeding to be paid by the defendants.