## Sewickley Township, Appellant, *v.* McKelvey (No. 1).

*Public officers—Township supervisors—Minutes and books—Right of inspection by taxpayer—Act of June 14, 1911, P. L. 942.*

An individual member of a board of township supervisors cannot be subjected to the penalty provided by the Act of June 14,

176 SEWICKLEY TWP., Appellant, *v.* McKELVEY (No. 1).

1911, P. L. 942, for a violation of the provisions of the act which directs that the minutes and books of the board "shall be open for the inspection of any taxpayer at all reasonable times" where it is not made to appear that the books were in the special custody or control of the defendant, or that they were not actually open for inspection, or that the defendant cooperated with any other member of the board in withholding the books from the taxpayers' scrutiny.

It would be a harsh and unwarranted construction of the words of the statute to hold that in the proceedings of the board at its meetings, the omission or refusal of a minority member to concur in the action of the majority in an effort to perform the duties prescribed by the statute, subjected him to the penalties which the law applies to appropriate cases.

Argued April 20, 1915. Appeal, No. 128, April T., 1915, by plaintiff, from judgment of C. P. Westmoreland Co., Nov. T., 1913, No. 422, sustaining demurrer to statement of claim in case of Sewickley Township v. William McKelvey. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Appeal from judgment of justice of the peace.

Demurrer to statement of claim.

The statement of claim was as follows:

First: That C. H. Bolton is a citizen and taxpayer of the Township of Sewickley, Westmoreland County, Pa.

Second: That William McKelvey was duly elected one of the supervisors of said township and that he had taken upon himself the duties of said office and acted as such during the year 1913.

Third: That the said C. H. Bolton requested and demanded of said William McKelvey, supervisor, that he be given an opportunity to inspect the books and minutes of the proceedings of the board of supervisors of Sewickley Township and that such demand was made repeatedly at reasonable times during the months of August and September, 1913, but that the said William McKelvey has wholly failed, neglected and refused to permit the said C. H. Bolton to inspect the minutes of the

proceedings of the board of supervisors and the books kept by them.

Fourth: That the said William McKelvey has not allowed or permitted the said minutes of the proceedings of the said supervisors or the books kept by them to be and remain open for the inspection of the said C. H. Bolton and other taxpayers of said township at reasonable times, but on the contrary the said William McKelvey, supervisor, failed, neglected and refused to permit the said C. H. Bolton to inspect the said minutes and the books kept by the said supervisors.

Fifth: That by reason of said neglect and refusal the said William McKelvey has violated the provisions of Sections 11 and 13 of the Act of Assembly of the Commonwealth of Pennsylvania, approved June 14, 1911, P. L. 942-948, and has by reason thereof forfeited and should pay a fine of fifty ($50.00) dollars to the township treasurer for the use of the road fund of said Township of Sewickley. Wherefore this suit is brought.

*Error assigned* was judgment sustaining the demurrer.

*John E. Kunkle,* with him *J. Harry Pershing* and *Christ. C. Walthour,* for appellant.—Where more than one join in the commission of an offense, all, or any number of them, may be indicted jointly for it, or, since each is severally amenable to justice for the consequence, each of them may be indicted separately: Com. v. Casey, 14 Pa. C. C. R. 389; Com. v. Demain, 3 Clark (Pa.) 487; Heine v. Com., 91 Pa. 145; Wiest v. Electric Traction Co., 200 Pa. 148; Howard v. Union Traction Co., 195 Pa. 391; Dennison v. Somerset, Etc., R. R. Co., 21 Pa. Superior Ct. 248.

*Adam M. Wyant,* of *Robbins & Wyant,* for appellee, cited: Monnier v. Godbold, L. R. A. 468, vol. 5, New Series.

OPINION BY HENDERSON, J., October 11, 1915:

The 11th Section of the Act of June 14, 1911, P. L. 942 contains the following regulations: "The Board of Township Supervisors shall keep minutes of their proceedings and such books as they may find necessary in the performance of their duties; all of which shall be open for the inspection of any taxpayer at all reasonable times and which shall be submitted for the information of the township auditors when said auditors meet to audit the accounts of the treasurer and other township officers; and shall deliver such books, papers, and accounts to their successors." Section 13 provides "If any township supervisor, superintendent, road master or contractor employed to work on the roads, bridges and highways of this Commonwealth shall violate any of the provisions of this act other than those otherwise provided for, or shall fail or neglect or refuse to carry out the provisions of the same, he shall, upon conviction thereof, pay a fine of not more than fifty dollars to be collected in the name of the township as other debts of like amount and paid to the township treasurer for the use of the road fund of said township." These sections are part of the general statute providing for the election and appointment of township supervisors in second class townships, defining their powers, duties and limitations, etc. This action was brought at the instance of Charles H. Bolton, a citizen and taxpayer of Sewickley Township, in Westmoreland County, to recover the penalty of fifty dollars provided for in section 13 of the act because the defendant, one of the supervisors of the township failed, neglected and refused to permit the said Bolton to inspect the minutes and the books kept by the township supervisors. A demurrer was filed suggesting various defects in the declaration and this demurrer was sustained by the court below for the reason that the secretary of the board and not the supervisors was the custodian of the township records. After the case was so decided an opinion was handed down by the Supreme Court, Bolton

v. McKelvey, 247 Pa. 585, which held that this view of the case was erroneous; that "the performance of its duties by the board of supervisors requires that the legal custody of the books be in the board and subject to its control." The judgment of the court below cannot be sustained therefore on the grounds stated by the learned judge of that court. But another objection to the declaration set forth in the demurrer is placed on other grounds and is sufficient we think, to sustain the judgment. The board of supervisors consisted of three persons. Numerous duties are imposed on them relating to the collection of township tax, the supervison of the public highways, the holding of meetings and keeping of records, the filing of accounts, etc. These duties are to be performed by "the Board of Township Supervisors." Section 15 of the act provides that two shall constitute a quorum of the board. Among the duties referred to are those set forth in section 11, the important one of which for the purpose of this case being that which requires the board of township supervisors to keep minutes of their proceedings and such books as they may find necessary in the performance of their duties, all of which shall be open for the inspection of any taxpayer at all reasonable times. The default set up by the plaintiff is that the defendant failed, neglected and refused to permit said Bolton to inspect the minutes or the books kept by the supervisors. It is not alleged that the books were in the special custody or control of the defendant; it is not asserted that the books were not actually open to the observation and inspection of the complainant nor that he was prevented from making such inspection. There is no averment in the statement of claim that the defendant cooperated with any other member of the board or that there was any concert of action with either or both of the other members in withholding the books from the taxpayers' scrutiny. There is no presumption that the defendant had individual control of the records and as the 13th section

contains a penal provision,—Com. v. Shields, 50 Pa. Superior Ct. 194,—the language of the section should be construed according to the obvious legislative intent and not extended to cover a case not clearly warranted by the words of the statute. Assuming that the defaults referred to in the section include the refusal of the board to permit an inspection of the books we find nothing in the language used or in the apparent purpose of the legislature which requires us to hold one member of the board liable for the neglect or refusal to perform an act which may have been performed by the board, as a board. It would be a harsh and we think an unwarranted construction of the words of the statute to hold that in the proceedings of the board at its meetings the omission or refusal of a minority member to concur in the action of the majority in an effort to perform the duties prescribed by the statute subjected him to the penalties which the law applies to appropriate cases. In the absence of an averment that the complainant was deprived of any right or failed to obtain an inspection of the records on request it is not apparent that any injury has been done or that the purpose of the act has been defeated. The books were in the legal custody of the whole board. Presumably it performed the duty required by the law. The contrary is certainly not charged in the statement of claim. The duty is on the defendant and his colleagues in their associate capacity. The penalty is not visited upon one member of the board for his failure to do that which acting in his individual capacity he is not alleged to have been capable of doing. A decision by the Supreme Court of Louisiana in Monnier v. Godbold, 5 L. R. A. N. S. 468, and the authorities there cited support this view of the case. We regard the action of the court below as well taken.

The judgment is affirmed.