## Commonwealth ex rel. Blanc v. Hersch

*Clark, Ladner, Fortenbaugh & Young, Herbert G. Schick, Lee F. Driscoll, Jr., Joseph P. Flanagan, Jr., Thomas M. Hyndman, Jr., George P. Williams, 3rd,* and *Allen M. Woodruff,* for plaintiffs.

*Mitchell S. Lipschutz,* for defendant.

SPORKIN, J., April 18, 1960.—This is an action in mandamus initiated on the relation of Victor H. Blanc, District Attorney of Philadelphia County, to compel Joseph J. Hersch, Chief Magistrate, to permit certain members of the public, to wit, Harry K. Butcher, Robert S. Cooper and Frank W. Dressler[1], to inspect the records and dockets of the Traffic Court of Philadelphia. Counsel for defendant filed preliminary objections, contending, inter alia, that the action had not been brought by a proper plaintiff and it must therefore be dismissed. We are constrained to sustain this objection, and dismiss the complaint.

The Vehicle Code[2] and the Magistrates' Court Act[3] each provide for public inspection of magistrates' records and dockets pertaining to traffic offenses. The right of inspection is a clear and unqualified public

---

[1] Mr. Butcher is executive director of the Committee of Seventy, a nonprofit unincorporated association, organized for the purpose of promoting good government in the City of Philadelphia. Messrs. Cooper and Dressler are employes of the Committee.

[2] The Vehicle Code of April 29, 1959, P. L. 58, sec. 1208 (*a*).

[3] Magistrates' Court Act of June 15, 1937, P. L. 1743, as amended May 9, 1949, P. L. 1028, sec. 6, 42 PS §1106.

right, available to all citizens: Butcher v. Hersch, 7 D. & C. 2d 418 (1956).

Because of the common interest of all citizens of the Commonwealth in the performance of public duties, public rights of this nature may be enforced by mandamus, only if the action is brought on behalf of the Commonwealth by the Attorney General or, in proper cases, the district attorney of the proper county: Section 4, Act of June 8, 1893, P. L. 345, 12 PS §1914. The law is clear that absent a special private interest, as distinguished from that of the general public, such a mandamus action cannot be brought by a private individual, even if public officials refuse to institute the action: Dorris v. Lloyd (No. 1), 375 Pa. 474 (1954) ; Butcher v. Philadelphia Civil Service Commission, 163 Pa. Superior Ct. 343 (1948) ; Butcher v. Hersch, supra. This is a sound rule of law, operating to prevent multiplicity of actions and unwarranted interference with the functions of government: Commonwealth ex rel. Yard v. Meeser, 44 Pa. 341 (1863 dictum).

Applying these principles to the instant case, we are convinced that the complaint is fatally defective. Although the caption of the case would indicate that it was brought by Victor H. Blanc, District Attorney, as relator for the Commonwealth, it is manifest that the suit was actually instituted by private individuals, contrary to the provisions of section 4 of the Act of 1893, supra. Although District Attorney Blanc certified his consent to, and authorization for, the filing of this complaint, the district attorney has not brought the action himself as required by the Mandamus Act.

On its face the complaint discloses that it was brought by, and on behalf of, Harry K. Butcher and others, acting for the Committee of Seventy. Thus, although Pa. R. C. P. 1024 (c) requires plaintiff to sign

a verification attached to the complaint, unless he lacks sufficient information or is out of the jurisdiction, the verification of the complaint in the case before us is signed by Harry K. Butcher. The absence of an explanation of the verification in the complaint by one other than the district attorney, impels us to conclude that the district attorney, the nominal plaintiff, is not the actual complainant. Pa. R. C. P. 1023 requires that a complaint be signed by at least one attorney representing plaintiff. Five lawyers have signed the complaint as counsel for the plaintiff, but not one of these is an assistant district attorney, or an official of the Law Department of the City of Philadelphia possessing authority to act on behalf of the district attorney: Commonwealth ex rel. Shumaker v. New York & Pennsylvania Company, Inc., 378 Pa. 359 (1954). It is obvious that the real plaintiffs who are represented by counsel of record are the private individuals named in the complaint as having been denied access to the Traffic Court records. Since these persons do not possess an interest distinct from that of the general public, they clearly lack capacity to prosecute an action in mandamus to enforce a public duty.

Moreover, the delegation by a district attorney of private counsel to prosecute a mandamus action in the name of the Commonwealth is devoid of legal authority and cannot be sanctioned by this Court. In Commonwealth ex rel. Shumaker v. New York & Pennsylvania Company, Inc., supra, the District Attorneys of Butler and Clarion Counties authorized private counsel, representing a conservation league, to bring an action in the name of the Commonwealth ex relatione under section 601 of the Pure Streams Act.[4] In affirming the

---

[4] The applicable portion of this section is strikingly similar to section 4 of the Mandamus Act. It reads: "In addition, suits to abate pollution of any of the waters of the Commonwealth may

order of the lower court prohibiting the prosecution of the action by the league's private counsel, the Supreme Court held that: "In a public prosecution or proceeding, there is no statutory or common law authority permitting a district attorney to completely delegate all of his official powers and duties to private counsel on the naked authority of the district attorney himself."

The Shumaker case controls the instant case. Section 4 of the Act of 1893 entrusts the enforcement of public rights only to those who are sworn to defend the public interest. In this manner the interest of the community at large, rather than the possibly conflicting interests of private individuals, is protected. The proper operation of the Traffic Court is a matter of great concern to the citizens of Philadelphia. By delegating his powers, duties and responsibilities in such a case, a district attorney may deprive the community of complete assurance that the litigation will be conducted primarily in the public interest. This is so even if, on the surface at least, the interest of the sponsoring organization parallels the public interest. We respect the integrity of the Committee of Seventy and its able counsel, but the rule as enunciated by the Supreme Court allows for no exception. Accordingly, we find that District Attorney Blanc possessed no authority to delegate the prosecution of this cause of action to private attorneys.

Although the precise point upon which our decision is based was not raised by counsel for either side, under the Shumaker case, supra, we are bound to consider it. The court there stated, at page 370: ". . . neither consent nor acquiescence could breathe

be instituted in equity or at law in the name of the Commonwealth upon relation of the Attorney General or upon relation of any district attorney of any county . . ."; Pure Streams Act of June 22, 1937, P. L. 1987, sec. 601, 35 PS §691.601.

life into an act by the public officials here involved which was entirely devoid of legal sanction."

For these reasons, we sustain defendant's preliminary objection that the action has not been brought by the proper plaintiff, and accordingly we make the following:

*Order*

And now, to wit, April 18, 1960, it is ordered, adjudged and decreed that the complaint be dismissed.