IN THE

# SUPREME COURT

OF

# OREGON

Argued May 7, decided May 21, 1912.

## McKENNA v. McHALEY.

[123 Pac. 1069.]

COUNTIES—ACTION BY TAXPAYER—RECOVERY OF MONEY UNLAWFULLY PAID OFFICERS—PARTIES.

1. The district attorney is not a proper party defendant to a suit by taxpayers of a county to compel the deputy district attorney to repay to the county sums unlawfully allowed him by the county court as extra pay for services.

DISTRICT AND PROSECUTING ATTORNEYS—DEPUTIES—SALARIES—STATUTES.

2. Under Section 2843, L. O. L., fixing the salary of the deputy district attorney at a specified sum per annum, the county court may not allow him extra compensation for services as district attorney.

COUNTIES—CHARGES—PROSECUTIONS—EXPENDITURES BY PROSECUTING ATTORNEY.

3. Expenses incurred by the deputy district attorney of a county in procuring testimony in criminal cases constitute a valid claim against the county for which he is entitled to compensation.

APPEAL AND ERROR—QUESTIONS REVIEWABLE—PLEADINGS.

4. The court on appeal from an order sustaining a demurrer to the complaint must take the complaint as true.

COUNTIES—UNLAWFUL EXPENDITURE OF COUNTY FUNDS—ACTIONS BY TAXPAYERS.

5. Where an unlawful expenditure of money has been made by the officers of a county, and the proper authorities refuse to compel restitution, a taxpayer may by a suit on behalf of himself and others similarly situated recover the amount for the benefit of the county.

From Grant: DALTON BIGGS, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is a suit brought by Alex McKenna, W. C. Thompson, J. M. Franklin, R. A. Hines, and A. J. Fletcher, on behalf of themselves and other similarly situated, against R. R. McHaley, B. C. Trowbridge, Allen Porter, W. W. Wood, J. W. McCulloch, and Grant County, Oregon, a Public Corporation, to compel the defendant Wood to repay to Grant County the sum of $250, which they allege was unlawfully allowed him by the county court as extra pay for services as district attorney, in prosecuting certain criminal cases in Grant County. They allege that the allowance was made under the advice of the district attorney, and that they, together with numerous other taxpayers, filed a petition requesting the court to take measures to compel the restoration of the sum so illegally received, but that the court refused to act on such petition or comply with the request. Defendants demurred to the amended complaint, and the demurrer was sustained.          REVERSED.

For appellants there was a brief over the names of *Messrs. Hicks & Marks,* with an oral argument by *Mr. Eritt Hicks.*

For respondents there was a brief with oral arguments by *Messrs. Cattanach & Wood.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. There appears to be no reason why defendant McCulloch should have been made a party, and the demurrer should have been sustained as to him.

2. Section 2843, L. O. L., fixes the salary of the deputy district attorney at $500 per annum, and in our opinion the court could not allow him extra compensation.

3. It is stated in respondents' brief that the defendant Wood expended money for traveling expenses, in

hunting up witnesses, and other expenses of like character, which do not appear to us to be within his regular duties as a district attorney, and, as this case is to be finally tried, we will say that an allowance for extra-ordinary expenses of this kind, necessary to bringing criminals to justice, would constitute a valid claim for which he would be entitled to compensation.

4. But we must take the complaint as true, and the statement therein is that the allowance was made for extra services as district attorney.

5. The principal question arises upon the right of plaintiffs to bring this suit. We think it settled by the great weight of authority that, where an unlawful expenditure of money has been made by the officers of a city or county, and the proper authorities refuse to compel its restitution, a taxpayer may, by a suit on behalf of himself and others similarly situated, recover the amount for the benefit of the municipality. *Quaw* v. *Paff,* 98 Wis. 586 (74 N. W. 369); *Mock* v. *City of Santa Rosa,* 126 Cal. 330 (58 Pac. 826); *Stone* v. *Bevans,* 88 Minn. 127 (92 N. W. 520: 97 Am. St. Rep. 506); *In re Cole,* 102 Wis. 1 (78 N. W. 402: 72 Am. St. Rep. 854); *Walker* v. *Dillonvale,* 82 Ohio St. 137 (92 N. E. 220: 19 Ann. Cas. 773); *Independent School Dist. No. 5* v. *Collins,* 15 Idaho, 535 (98 Pac. 857: 128 Am. St. Rep. 76); *Zuelly* v. *Casper,* 160 Ind. 455 (67 N. E. 103: 63 L. R. A. 133); *Reed* v. *Cunningham,* 126 Iowa 302 (101 N. W. 1055).

The cases are fully collated in a note to *Walker* v. *Dillonvale,* in 19 Ann. Cas. 773, and Oregon is noted as being the only state which has held otherwise, citing *Brownfield* v. *Houser,* 30 Or. 534 (49 Pac. 843). But the case cited is, in fact, no exception, as the plaintiff Brownfield brought his suit without first applying to the county authorities to sue.

While we have no doubt that the county court acted in good faith and that the services rendered were meritorious and of value to the county, yet as the record now stands, we are compelled to remand the case to the court below, with directions to overrule the demurrer as to all the defendants except the district attorney, and to permit an answer to be filed.          REMANDED.