Argued October 13, affirmed November 15, 1927.

## VERN E. GOSSO *v.* WM. RIDDELL, JR.

(261 Pac. 77.)

**Counties—Taxpayer, Alleging County Court Refused to Bring Action, Held Entitled to Suit to Recover Money Illegally Drawn from County Treasury.**

1. Taxpayer, alleging that he asked County Court to bring action for recovery of money alleged to have been illegally drawn from county treasury by county commissioner, and that court refused to bring such action, may sue for himself and all other taxpayers to recover money for county.

**Counties—County Commissioner of Polk County Held not Entitled to Mileage for Traveling in Transaction of County Business (Or. L., §§ 3621, 3670).**

2. There being nothing in Section 3621, Or. L., to indicate that persons named therein should receive mileage or compensation other than that stated, and right to additional compensation being limited in Section 3670 to persons whose fees were prescribed in the act, county commissioners of Polk County, not being within officers enumerated, are not entitled, in addition to their $5 per day pay, to mileage for traveling they do in transacting county business.

———

1. See 7 R. C. L. 965.

Counties—Five Dollars Per Day Allowance to County Commissioner for Supervising County Roads, Buildings, and Bridges Held Proper (Or. L., § 4537).

3. Allowance of $5 per day to county commissioner supervising work on county roads, buildings and bridges under Section 4537, Or. L., which work was imperatively necessary *held* proper where oral designation of commissioner therefor was subsequently ratified by County Court.

Counties—Allowance of Claim of County Commissioner for Compensation for Supervising County Road Held Ratification of Oral Agreement for Compensation by County Court.

4. Where county commissioner was, by oral agreement with County Court, designated to look after certain road which was in apparent need of supervision, presentation of claim by commissioner for $5 per day and allowance thereof by County Court was ratification by County Court of the oral agreement.

---

Counties, 15 C. J., p. 496, n. 11, p. 497, n. 12, 25, p. 498, n. 27, p. 506, n. 87, 92, p. 643, n. 94.
Expressio Unius Est, 25 C. J., p. 220, n. 17.

From Polk: W. M. RAMSEY, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. J. N. Helgerson.*

For respondent there was a brief and oral argument by *Mr. G. O. Holman.*

McBRIDE, J.—This is a suit instituted by the plaintiff as a taxpayer of Polk County, for himself and others similarly situated, to recover for the County of Polk certain sums of money alleged to have been illegally drawn from the treasury of Polk County by the defendant while acting as County Commissioner of Polk County. During that period of time defendant Riddell drew various warrants based upon his voucher, for *per diem*, the sum of $1,130, and, as mileage, the further sum of $786. There is

no dispute that this sum was paid to the several defendants by warrants drawn upon the treasurer by the County Court, and ordered by them upon the audit of claims presented by the defendant and his associates to the County Court. It was agreed and stipulated that, during the times mentioned, the records of the County Commissioners' Court for Polk County, Oregon, show that the court was in session for the transaction of business for the period of 91 days and no more; and this proceeding is instituted by the taxpayer, on behalf of himself and others, after petition to the County Court to compel the restitution of the moneys so disbursed, and the refusal of the County Court so to do. Plaintiff concedes that the defendant Riddell was to receive as compensation the sum of $455 at the rate of $5 per day for the time employed as a member of the County Court, while said court was in session, to wit, 91 days.

It is contended by the plaintiff that the defendant Riddell should be required to pay the county of Polk the difference betwen the sum of $1,916 received by him during the said period of time, less the amount of $455, being $5 per day for each day the court was in session. There was a like action against the other commissioner varying only in the amounts alleged to have been received, and the cases were virtually tried together.

The Circuit Court rendered the following opinion upon a demurrer to this case and the one accompanying it, which, so far as it discusses the subject, meets with the approval of this court, and, while it was not intended by the trial judge who rendered the opinion to be published, it is so apt that we adopt it here.

"These two cases appear to be alike in form, and the complaints in both cases are similar, and the points made by the demurrers are the same in each case.

"There are two separate causes of suit in each case, stated separately, and the defendant in each case has demurred to each cause of suit.

1. "One of the first points made by the demurrers is that the plaintiff has no legal capacity to maintain this suit. The plaintiff is a taxpayer of the county, and sues for himself and for all other taxpayers, and if a decree is rendered for the plaintiff, it will be for the payment of the money to Polk County for the benefit of all of the taxpayers of the county.

"The county could maintain an action for the recovery of the money alleged to have been wrongfully paid out by the county; but the complaint alleges that the plaintiff asked the County Court to bring an action for the recovery of this money, and that the court refused to bring such actions.

"In my judgment, the following extract from page 965 of R. C. L. states the proper rule governing these cases:

" 'If a county has a plain cause of action for an injury done to it, which should be enforced for the protection of its citizens or taxpayers, and its governing board refuses to assert such action, in some jurisdictions any citizen, by reason of his indirect interest, may sue, in behalf of himself and all others similarly situated, the person against whom the cause of action exists, and thereby enforce the rights of the county.'

"A county is a *quasi*-public corporation, and the right of taxpayers to bring a suit against persons who have illegally obtained funds from the county is analogous to the right of stockholders in private cor-

porations to sue for injuries to a private corporation. If someone obtains funds wrongfully from a private corporation, and the officers of the corporation refuse to sue to recover it, a stockholder may bring a suit for himself and other stockholders to recover it for the corporation. And the rule seems to be that when funds have been wrongfully disbursed by a county, and the county authorities, on being requested by a taxpayer to bring an action to recover this money, refuse to bring such action, one or more taxpayers of the county may bring suit for himself and all other taxpayers to recover the money for the county. This was expressly held in the case of *McKenna* v. *McHaley*, 62 Or. 1 (123 Pac. 1069), and it was held to the same effect in *Carman et al.* v. *Woodruff et al.*, 10 Or. 133. In my judgment, the plaintiff has capacity to sue.

2. "One of the causes of suit is for the recovery of several hundred dollars from each of the defendants for mileage alleged to have been unlawfully paid by the county to each of the defendants. Each of the defendants was, during the time covered by the complaint, a county commissioner of Polk County, and, during the time that he was commissioner, it is alleged, that he claimed and was allowed by the County Court considerable sums for mileage for distances traveled by him in doing the county business.

"The question raised in relation to this mileage is, whether or not county commissioners are entitled to receive, in addition to their $5 per day, mileage for the traveling that they do in transacting the county business.

"Section 3621 of Olson's Laws, which was in force during the time covered by the complaints, provides that the county officers of Polk County shall receive

'as compensation for their services' the sums in said section stated, and this section provides that 'county commissioners shall receive $5 per day for each day employed in the transaction of county business. They are to receive $5 per day for every day in which they are employed in transacting the business of the county and this section provides that they shall receive this sum as compensation for their services'; and it seems to me that this provision means that $5 per day shall be full compensation for all of their services, and that they shall receive no other remuneration.

"If one were to hire a person to drive an automobile for him, and this person should agree that $5 per day should be a compensation for his services, the employer would be not a little surprised, if his employee should present to him his bill for his services, and should therein charge him, in addition to the $5 per day, ten cents a mile for every mile that he had driven the auto.

"There is nothing whatever in Section 3621, *supra,* to indicate that any of the persons named in said section should be entitled to receive mileage or any other compensation than that stated therein.

"Section 3670 of Olson's Laws, enacted many years ago and in force during the time covered by the complaint, provides *inter alia* as follows:

" 'Every officer or person whose fees are prescribed in this title who shall be required to travel in order to execute or perform any public duty, *in addition to the fees hereinbefore prescribed,* shall be entitled to mileage at the rate of ten cents per mile in going to and returning from the place where the service is performed'; etc.

"The phrase 'hereinbefore prescribed' as set forth in said provision limits the right to receive mileage to the persons whose fees were and are prescribed in the sections of said act or title preceding the section from which I have quoted, which was Section 14, when said act was originally published, and county commissioners and assessors are not named or provided for in any of the preceding sections of said act, but they were, when said act was passed, provided for by Section 26 of the original act, and by said section they were to be paid $3 per day. See Deady's Laws, p. 741. In 1877, the case of *Taylor* v. *Umatilla County* came before the Supreme Court, in which Taylor, who had been assessor of Umatilla County, and who had traveled 4,796 miles in assessing Umatilla County, claimed ten cents per mile as mileage for his traveling He presented to the County Court of his county a bill for said mileage, and the county rejected it, and he sued the county to recover for said mileage, and the Supreme Court rejected his claim, holding that he was entitled only to the $3 per day that the statute authorized: *Taylor* v. *Umatilla County,* 6 Or. 394. Discussing the statute in relation to mileage, that I have quoted, *supra,* Judge BOISE, delivering the opinion of the court, said *inter alia:*

" 'If the grant extended (of mileage) to all officers whose fees are prescribed in the *whole chapter,* then the word *'hereinbefore'* must be rejected, which would be in violation of the rules of construction of statutes * * The word ('hereinbefore' either confines the grant of mileage to those officers whose fees are prescribed in the preceding sections, or it has no meaning, and is in the statute by mistake. And as the statute can be so construed as to give effect to this word, such should be the construction adopted. The word 'hereinbefore' is a word of limitation, and

such words when of unequivocal meaning and clearly
expressed, will prevail to limit what goes before, to
which such words refer.'

"This case is directly in point, as assessors in said
original act were named in the same section in which
county commissioners were named, and were allowed
the same *per diem,* and Taylor claimed mileage for
his travel under the same section under which com-
missioners have been allowed mileage; and the Su-
preme Court held that the claim of the assessor was
unfounded. The same principle that the Supreme
Court announced in the Taylor case applies to the
question as to the right of the defendants in these
cases to mileage; and that decision is controlling au-
thority against the allowance of mileage to the de-
fendants.

"As shown above, the statute in force, during the
time covered by these complaints, provided that
county commissioners of Polk County should have
*as compensation for their services,* $5 for every day
that they were employed in transacting the county
business, and it gives no hint, that they should have
anything for mileage, and, in my judgment, the old
maxim, *expressio unius est exclusio alterius,* applies,
and the $5 per day is all that they were entitled to
receive for their services, and there was no lawful
authority for allowing them mileage.

3. "The other cause of suit in the amended com-
plaints is based on a claim that each of the defend-
ants had been paid by the county $5 per day for a
large number of days in excess of the number of days
that said defendants attended the County Court when
it was in session, and the plaintiff claims that the de-
fendants were entitled to $5 a day for every day that
they attended the County Court when it was in ses-

sion, and that they were not entitled to supervise working county roads or the building and repairing county bridges, and like work, when the court was not in session, and to receive pay therefor.

"Section 4537, Olson's Laws, as passed some time ago, which was in force during the time covered by the complaints, confers upon the County Court its powers in relation to locating, building and repairing county roads and bridges, etc., and it provides that these powers, so conferred, may be exercised as follows:

" 'The powers herein given may be exercised directly by the court, *or through some of its members designated* for that purpose, with necessary assistants.'

"This statute expressly empowers the County Court to execute the powers conferred by said section as a court, or to designate some of their members to exercise those powers; and, in my judgment, the latter provision authorizes the court to empower either or both commissioners to transact said business at times when the court is not in session; but to do it *regularly,* perhaps, the court should enter in its journal orders expressly authorizing commissioners to transact such business. For doing business outside of term time, by the commissioners, when designated to do it, the court, in my judgment, has authority to allow them $5 per day.

"Then supposing that the court should authorize the commissioners to transact business for the court outside of term time. If it was county business relating to roads or bridges, and no order was entered 'designating' them to do such business, and they should do such business, and then present to the court

a bill therefor, and the court should allow the bill, would or would not the allowance of such bill by the court be a ratification of said matter?

"This is an important matter, and as I have some doubts in relation thereto, and as I desire to hear this question argued by counsel, after the evidence shall be in, I have decided to overrule the demurrers to the amended complaints. The defendants are given the right to file answers."

We fully adopt this as the opinion of this court.

4. It appeared upon the trial that the defendant, by an oral agreement with the County Court, was designated to look after certain road work in the northern part of the county, which it is apparent imperatively needed such supervision; and for such service he put in a claim for $5 a day, which, we think is proper under the circumstances. While the order was not entered of record, the claim was presented and allowed, which amounted to a ratification of the verbal agreement by the County Court. This left merely the claim for mileage and, in our opinion, the defendant was not entitled to mileage however great his moral claim to such compensation might have been. It appears to have been the early custom in Polk County to allow such mileage, and we have no doubt of the good faith of the defendant in making such a claim and little doubt but that the money was actually earned; but the law has not seen fit to provide such expenses and he had no legal right to receive such compensation however much he may have deserved it morally. Such being the case, we are compelled to affirm the decree of the Circuit Court, and it is so ordered.          AFFIRMED.

RAND, C. J., and COSHOW and ROSSMAN, JJ., concur.