Argued October 13, affirmed November 15, 1927.

## VERN E. GOSSO *v.* EZRA E. HART.

(261 Pac. 80.)

**Counties—Complaint Stating Facts Showing Cause of Action Against County Commissioner and Plaintiff's Interest as Taxpayer Held Good as Against General Demurrer.**

1. Complaint, which stated facts showing a cause of action existed against a county commissioner to recover money alleged to have been illegally drawn from county treasury, and that plaintiff had some interest as taxpayer in result of action, *held* good as against general demurrer, although vulnerable to special demurrer on ground of plaintiff's lack of legal capacity to sue.

**Stipulations—Stipulation That Application was Made to County Court to Sue and Refused Cured Lack of Allegation Thereof in Complaint.**

2. In suit by taxpayer to recover money alleged to have been illegally drawn from county treasury by county commissioner, stipulation that application was made to County Court to bring suit and that it refused *held* to cure defects in complaint for lack of allegation of demand and refusal.

**Counties—Allowance of Attorney Fees in Taxpayer's Suit to Recover Money Illegally Drawn from County Treasury Held Unwarranted.**

3. In suit by taxpayer to recover money alleged to have been illegally drawn from the county treasury, allowance of attorney fees to plaintiff is not warranted.

Counties, 15 C. J., p. 643, n. 94.
Pleading, 31 Cyc., p. 311, n. 53.

From Polk: W. M. RAMSEY, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. J. N. Helgerson.*

For respondent there was a brief and oral argument by *Mr. G. O. Holman.*

McBRIDE, J.—This case is in all respects similar in its main features to the case of *Gosso* v. *Riddell, ante,* p. 57 (261 Pac. 77), except that in the amended complaint there is no allegation that the plaintiff petitioned the County Court to cause the action to be brought by the county, and no allegation of their refusal so to do. A general demurrer was filed to this complaint on the ground that it did not state facts sufficient to constitute a cause of action, and also a demurrer on the ground that the plaintiff had no legal capacity to sue, both of which were overruled.

1, 2. It is plain that a general demurrer would not lie in this case, because the complaint did state facts showing a cause of action existed against the defendant and that plaintiff had some interest as a taxpayer in the result of any action brought to recover the amount. The complaint was perhaps technically deficient in omitting to state that petition had been made to the County Court to bring such suit and had been refused, and was probably vulnerable to a proper demurrer upon the ground of plaintiff's lack of legal capacity to bring the suit; but a demurrer on that ground, being special in its nature, should have stated wherein the lack of legal capacity existed which this demurrer does not do. Whether this be the true rule or not, it was expressly stipulated in both cases that such application had been made to the County Court and refused. And if, in a case of this kind, it should be necessary to petition the members of the County Court to sue themselves, we think this stipulation cured the defect in the complaint, if any existed. As to the other matters, the court allowed the defendant's claim for services in superintending

the work of the county and only gave judgment against him for the amount paid him as mileage. In this, we hold the decree to have been correct, and it is affirmed here.

3. There is also a suggestion that the court should allow plaintiff's attorney fees in this case, but we find no warrant in the law for so doing and no such allowance was made in the Circuit Court. The decree is therefore in all things affirmed.          AFFIRMED.