CHARLESTON NATIONAL BANK *et al., Executors v.* FRED L. FOX, *State Tax Commissioner*

(No. 8271)

Submitted September 24, 1935. Decided October 15, 1935.

*Homer A. Holt*, Attorney General, and *J. F. Bouchelle*, Assistant Attorney General, for appellant.

*Brown, Jackson & Knight* and *Charles W. Moxley*, for appellees.

HATCHER, JUDGE:

This appeal involves the construction of Acts, First Extraordinary Session 1933, chapter 36, section 28.

An inheritance tax of $64,281.36 was assessed against and paid by the estate of Frank Cox, deceased. The State Tax Commissioner also sought to impose on the estate an additional tax of $30,015.07, under section 28, *supra*. Resistance of the latter by the executors of the estate was sustained in the circuit court, and the Commissioner appealed.

The portions of section 28 pertinent here, follow:

> "It is the purpose of this section to impose an estate tax and to take full advantage of the credit allowed by laws of the United States because of transfer or death taxes actually paid to this state. There is, therefore, imposed hereby a tax in addition to any inheritance tax under the laws of this state upon the net estate of every decedent, * * *.
>
> "The amount of the tax shall be computed by determining the full amount of the federal tax due upon a transfer in accordance with laws of congress in force at the time of the death of the decedent, and by calculating that percentage of the federal tax allowed as credit because of the payment of this tax to the state."

It will be observed that the statutory formula for computing the additional tax provides for two steps only, to-wit, (1) the determination of the federal tax, and (2) a calculation of "that percentage of the federal tax allowed as a credit because of the payment of this tax to the state." The first step would determine the amount of the federal tax, and nothing more. Yet the second and last step would compute merely a percentage of the federal tax, and in order to do so would assume that *this tax* (the additional tax) had already been determined (in manner not disclosed) and paid to the state. Under this second step, the percentage would not in-

itially fix the tax, but the tax would fix the percentage. Passing that anomaly, the word *percentage* means *a rate by the hundred*. A rate is not of itself a tax and the statute does not purport to say so. And it stops short of pointing to any sum, a ratio of which would be the tax. The incompleteness of the formula renders the meaning of the statute conjectural. It is therefore inoperative. "An act of the legislature, to have the force and effect of a law, must be intelligently expressed. * * * Where the legislative intent especially as to the matter or thing to which the act is intended to relate * * * is not expressed with reasonable certainty, no effect can be given the act." 59 C. J., subject Statutes, secs. 160, 161.

The decree of the circuit court is affirmed.

*Affirmed.*