Argued September 16; affirmed October 5, 1937

## GLINES ET AL. *v.* BAIN ET AL.

(72 P. (2d) 33)

*Ralph H. King*, of Portland, for appellants Glines and others, school directors, and School District No. 1.

*Chris H. Boesen*, of Portland (Green, Tanner & Boesen, of Portland, on the brief), for appellants Birdine Merrill, J. W. Edwards, and David H. Laney.

*Frank S. Sever*, of Portland (James R. Bain, of Portland, on the brief), for respondent James R. Bain.

*Tyson Kinsell*, of Portland (Doyle & Mundorff, of Portland, on the brief), for respondents Chas. P. Hays, W. E. Hays, Wilgus D. Smith, and S. W. Cantrell.

*Sidney J. Graham,* of Portland (Frank Keenan, of Portland, on the brief), for respondent East Side Taxpayers League, Inc.

BELT, J.   This is a proceeding brought under the declaratory judgment act to determine the validity of a resolution of the board of directors of school district No. 1, in Multnomah county, fixing the compensation of teachers in excess of the amount provided therefor in the school budget.   A general demurrer was sustained to the amended complaint and, upon refusal of the plaintiffs to plead further, the suit was dismissed. Plaintiffs appeal from the declaration of decree of the court that the resolution is invalid.

A brief statement of the material facts as alleged in the amended complaint will suffice for comprehension of the legal question presented on this appeal.

In 1932, the teachers of the public schools in the city of Portland (District No. 1) voluntarily accepted a reduction of 20 per cent from the basic salary schedule as previously established by the board of directors. The financial crisis was then deemed temporary but the years went by and the salary cut was still maintained.   On April 27, 1936, the board of directors, after a thorough investigation and report by the city superintendent of schools, declared by resolution that an emergency existed and that the best interests of the educational system and of the teachers themselves demanded restoration of salaries to the basic salary schedule.

In view of the protest of certain taxpayers that the board of directors had no authority thus to restore the salaries, as no funds were provided for that purpose in the annual school budget adopted for the calendar year, 1936, the board did not issue the warrants but

held the matter in abeyance for legal determination of the question.

In the budget as submitted by the board and adopted by the budget committee, the estimate for salaries of teachers was itemized in the sum of $3,104,176.50. If the increase proposed by the board is allowed, there will be expended $335,000 in excess of the amount specified in the budget.

The question presented is: Has the board of directors of school district No. 1 the authority to fix teachers' compensation in excess of the amount specified therefor in the budget? We are not concerned with any controversy between the board and any budget committee or the tax conservation commission as to the amount which should be included in the budget for teachers' salaries. Neither can the court concern itself in this proceeding with the strong moral claim of the teachers to increased compensation. The decision of the question is controlled by statute. It remains only for the court to declare the intention of the legislature after consideration of the various sections of the statute relative to the authority of the board of directors to employ teachers and fix their compensation and those provisions of the local budget law which govern the board in the expenditure of public funds.

Respondents contend that the local budget law specifically prohibits the expenditure for teachers' salaries of any greater sum than that budgeted therefor for that year. Appellants assert that the authority to employ teachers and fix their compensation vested in the board by statute is not controlled or limited by the local budget law. There is also the question as to whether the amount proposed to be expended is in violation of the constitutional 6 per cent limitation of indebtedness (Art. XI, § 11, Oregon Constitution).

School district No. 1 in Multnomah county is one having a population in excess of 20,000 children of school age and is therefore to be governed by the law applicable to districts under such classification. Statutory enactments applicable to second or third class districts have only a remote bearing on the issues involved herein.

■ The board of directors clearly have the authority to employ teachers and fix their compensation (Oregon Code Supplement 1935, § 35-2615) but can it be that such authority may be exercised without regard to other statutory limitations governing the expenditure of public funds? We think not. What is said by the court, however, must not be considered in determining whether the board has the exclusive authority to fix the amount to be included in the budget for teachers' salaries. That question is not before the court for decision.

■ The legislature, in enacting the local budget law (sections 69-1101 to 69-1117 inclusive, Oregon Code 1930), undoubtedly intended to and did set up rigid barriers against expenditures in excess of appropriations. The "pay as you go" plan was intended to apply to governmental agencies in the expenditure of public funds. Let us consider the various sections of the budget law to determine whether the school board had the absolute and unqualified authority to fix compensation of teachers whether funds were available or not.

Under section 69-1102, the local budget law is specifically made applicable to all school districts excepting "school districts of the third class".

Section 69-1103 makes it unlawful for any "municipal corporation" in the state—which under the statutory definition includes school districts—to levy a tax unless an estimate shall first have been made of the

money proposed to be expended for school purposes during the next ensuing fiscal year and it is further provided that such estimate be published and opportunity be given for full and complete discussion thereof.

Section 69-1104 requires the estimates as set forth in the budget to be fully itemized and it is noted that proposed expenditures for ''personal service'' are specifically embraced within such provision. Hence the board complied with the statute when it itemized a certain sum for teachers' salaries.

Section 69-1105 provides for emergency expenses. The emergency fund, however, ''shall be applied only to payment of * * * unforeseen expenditures''. In the school budget, $12,000 was set aside as an emergency fund.

Section 69-1109 provides for the manner and method of making the tax levy after the publication of the budget and the hearing thereon has been held. It also provides that:

''* * * no greater expenditure of public money shall be made for any specific purpose than the amount estimated and appropriated therefor, except as provided in sections 5 and 10 of this act.'' (Italics ours.) (Sections 5 and 10 quoted herein.)

Section 69-1110 provides for transfer of money from one fund to another but requires that when funds are so transferred, except from the emergency fund, they ''must be returned to the estimate or fund from which * * * transferred''.

Section 69-1117 provides:

''It shall be unlawful for any public official to expend, any money in excess of the amounts, or for any other or different purpose than as is provided by law. Any public official who shall expend any public money in excess of the amounts, or for any other or different

purpose or purposes than is authorized by law, shall be civilly liable for the return of said money by suit of the district attorney of the district wherein said offense is committed, or at the suit of any taxpayer of said district.''

Prior to the enactment of the local budget law, the legislature in 1915 (§ 8, Ch. 163, O. L. 1915, codified as § 35-1503, Oregon Code 1930) provided that all school districts having 20,000 or more children of school age should prepare and submit a budget showing, among other things, the ''salary of the superintendent of schools, of all teachers  *  *  *  and of all other employees of the school system  *  *  *''. If it was not the intention of the legislature to limit the expenditures for school teachers' salaries to the amounts provided in the budget, no provision that such item be included in the budget would have been made.

Considering the above sections of the statute and the clearly expressed purpose of the local budget law to limit expenditures to the amounts specified in the budget, the court is convinced that the resolution restoring salaries to the basic schedule is invalid. To sustain the contention of the appellants would mean a nullification of the local budget law. If an emergency existed, the board of directors might well have submitted to the voters the matter of a special tax. It cannot be met by violation of the statute. How would the board of directors acquire $335,000 without transferring, in violation of the statute, funds which had been budgeted for a particular purpose?

Appellants strongly rely upon *Stoddard v. School Board*, 140 Or. 203 (12 P. (2d) 309), but that case concerned a third class school district not under the operation of the local budget law. It is, therefore, not in point since, in the Stoddard case, there was no specific

statutory provision in the local budget law limiting the expenditure for teachers' salaries to the amount set forth in the budget. Furthermore, in that case, at the time the board of directors fixed the compensation of the teacher, it was in keeping with the amount specified in the budget, although the budget in that respect was reduced on appeal. The law requires third class districts to have a budget but the local budget law, under the express provisions of the act, has no application to such districts.

*Tuttle v. Beem,* 144 Or. 145 (24 P. (2d) 12), is also cited by appellants. That case involved the liabilities of a third class district for the digging of a well. Teachers' salaries were not involved. What was said there in reference thereto is dictum and not controlling here. The able.discussion of the purpose and intent of the budget law, however, is enlightening. The reasoning of the court in the Tuttle case supports the conclusion in the instant case, although the facts and issues are materially different.

It is of no avail to consider cases from other jurisdictions as they are based upon entirely different statutory provisions.

Having reached the conclusion that the board of directors had no legal authority to fix compensation of teachers in excess of the amount budgeted therefor, it is unnecessary to consider whether the proposed expenditure would be in violation of the 6 per cent constitutional limitation of indebtedness.

The decree of the lower court is affirmed. Neither party will recover costs or disbursements.

Lusk, J., not sitting.

Bailey, J., not sitting.