418

## Butcher v. Hersch

*J. P. Flanagan, Jr.*, for plaintiff.

*F. X. McClanaghan*, for defendant.

FLOOD, J., January 24, 1956.—Plaintiff brought this action in mandamus against defendant Chief Magistrate Hersch following the chief magistrate's refusal of a request by plaintiff to inspect his criminal dockets for the months of September, October and November, 1955. Prior to the institution of the suit, plaintiff had invoked the assistance of the Attorney General of the Commonwealth of Pennsylvania and the Acting District Attorney of Philadelphia County. The former was unavailable to act because of illness and the latter refused to act.

Counsel for defendant filed preliminary objection, setting up (1) a demurrer and (2) lack of capacity in plaintiff to sue. The demurrer is overruled, but the

objection to plaintiff's capacity to sue must be sustained.

1. Demurrer. Plaintiff's right under the Magistrates' Act to inspect the criminal dockets of defendant is clear and unqualified. Section 6 of the Magistrates' Court Act of June 15, 1937, P. L. 1743, as amended May 9, 1949, P. L. 1028, 42 PS §1106, provides:

"The board of magistrates . . . shall, by rule or regulation adopted as hereinafter provided, prescribe forms for civil and criminal dockets, which shall be kept by each magistrate, and in which each magistrate shall enter daily all proceedings held before him and all official actions taken by him, and it shall be the duty of the magistrate receiving any costs, fees, fines, penalties or other moneys to note the same in the margin of the proper docket opposite to the entry of the case in respect to which the same is received, with the date at which, and the name of the person from whom, the same was received, together with the date and the person to whom the same was paid. Said dockets shall be open to the inspection of any person during the hours when the court is required to be kept open."

This language clearly makes the records referred to available to any citizen at the prescribed times without qualification. They are made court records and, therefore, public records, like those of a court of record. Under the statute they can be inspected, like the dockets of this court, during court hours by any person for any reason or without the assignment of any reason. No matter how good the motive of the chief magistrate in preventing access to his dockets, the law quoted gives every citizen the right to inspect them during his court's regular business hours. It is most important that the court's business be public. Because of this the convenience of individual litigants

or the protection of their reputations must give way. Such has always been the rule in the criminal courts. The statute quoted extends this rule to the magistrates' courts, equating to this extent their dockets with those of courts of record. The demurrer must be overruled.

2. Lack of capacity to sue. Plaintiff brought this action in mandamus after the district attorney had refused to bring the action, the Attorney General not being available for the purpose because of illness. After instituting suit, plaintiff brought to the attention of the court a letter from the Attorney General saying that he did not believe that he should take part in the action, so that plaintiff is now in a position to aver that both the district attorney and the Attorney General have refused to take part in the action. Rather than require an amendment by plaintiff for this purpose, we shall assume that the chief law enforcement officers of both the Commonwealth and the city have refused to lend their names as plaintiff in the action.

Plaintiff argues that since both of them have refused to become parties and a clear legal right has been violated, he should be allowed to bring this action. Unfortunately, the cases in our appellate courts are clearly against him. Dorris v. Lloyd, 375 Pa. 474 (1953); Butcher v. Philadelphia Civil Service Commission, 163 Pa. Superior Ct. 343 (1948), both interpret section 4 of the Mandamus Act of June 8, 1893, P. L. 345, 12 PS §1914, as requiring an action to enforce a public duty, except those in which plaintiff can show a special interest different from that of the public at large, to be brought only on the relation of the Attorney General or, in a proper case, on the relation of the district attorney of the proper county.

Judge Arnold (now Justice Arnold) in discussing the history of the mandamus action in the Butcher case, cited the common law of England to the effect that mandamus did not lie at the instance of an in-

dividual to enforce a purely public right and that, in such case, it could issue only on the relation of the Attorney General. After reviewing the provisions of the Act of 1893, supra, he said at page 346: "Thus the action of mandamus in Pennsylvania is an extraordinary remedy, regulated by statute as to parties and procedure."

Similar language was used by the Chief Justice in the opinion of Dorris v. Lloyd, supra, at page 477. Neither of these cases indicates that there is an exception to the mandate of the statute when the proper officials refuse to lend their names as plaintiffs.

Several other jurisdictions, which, like Pennsylvania, require that mandamus to enforce a public duty be initiated only at the instance of the proper law officer of the State, have held that where the chief law enforcement officers refuse to bring an action or where, under the circumstances, an application to them to act would obviously be met with noncompliance, a private citizen may bring the action: Giddings v. Blacker, Secretary of State, 93 Mich. 1, 52 N. W. 944 (1892); Vinton v. Hoskins, 174 Ore. 106, 147 P. 2d 892 (1944); State ex rel. v. Nash, 66 Ohio 612, 64 N. E. 558 (1902); Contra: Dupre v. Doris, 68 R. I. 67, 26 A. 2d 623 (1942); and see State ex rel. v. Price, 168 Miss. 818, 151 So. 566 (1934). In our opinion, however, this doctrine does not apply in Pennsylvania. The following language of Judge Arnold in the case of Butcher v. Civil Service Commission, supra, at page 346, indicates a lack of power in a private party to bring the action:

"In other jurisdictions where individual petitioners have been successful in mandamus to enforce a statutory right of inspection without special injury to the plaintiff, the result has seemingly depended either upon the terms of the statute creating the right or the terms of the statute governing mandamus pro-

ceedings; and in those cases the statutes have been different from the Pennsylvania acts."

In view of the language of both of our appellate courts, if an exception is to be made in the case where the chief law enforcement officers refuse to act, that exception must be declared by those courts and not by us. Whatever our own opinion may be as to wisdom of such an exception, we are precluded from establishing it by the language of the statute and the cases.

Under section 3 of the Mandamus Act, supra, 12 PS §1913, any person beneficially interested may bring the action. Our appellate courts have held that this means a person whose interest is different from that of the general public. Plaintiff here says that as an executive secretary of an organization interested solely in good government in the City of Philadelphia he has an interest different from that of the general public, arising out of his occupation. His success depends to some extent upon his ability to bring actions to insure the maintenance of good government. Unfortunately, he was himself plaintiff in the case of Butcher v. Civil Service Commission, supra. That would seem to preclude us from accepting his argument. It is true that this argument does not seem to have been made in that case. However, it was necessarily involved, and the decision was against him. See the language of the court at page 347.

Plaintiff's alleged special interest in Dorris v. Lloyd, supra, as chairman of a political party in the county, seems to be as great as that of plaintiff here. See dissenting opinion of Mr. Justice Musmanno, at page 480. Yet in that case, too, plaintiff was held to be without capacity to bring the action under the statute. While these two cases remain unreversed, plaintiff's position cannot be upheld.

The preliminary objection raising the defense of lack of capacity to sue is sustained. The complaint is dismissed.