## THE DIAMOND MATCH COMPANY v. MICHAEL POWERS, REGISTER OF DEEDS.

*Mandamus—Continuing rights—County—Foreign corporations.*

The remedy by mandamus contemplates the necessity of indicating the precise thing to be done; it is not adapted to cases calling for continuous action, varying according to circumstances.

Obedience to the writ of mandamus is enforcible by process for contempt.

Comity to a foreign corporation cannot extend to the point of granting it privileges which its charter does not permit it to exercise; and in applying for privileges it must show that it has power to exercise them.

Mandamus.    Submitted June 13.    Denied June 22.

*Edward Cahill* and *G. V. N. Lothrop* for relator.    The right of a citizen to inspect the records of a public office in which he had an interest, and to take transcripts therefrom if he desired, was long ago settled by judicial decision:

*King v. Shelley* 3 Term 141; *People v. Cornell* 47 Barb. 329; *Hawes v. White* 66 Me. 305.

*Ira Scott* and *M. V. Montgomery* for respondent.

GRAVES, C. J. This is an application for the writ of mandamus to compel the respondent, who is holder of the county office of register of deeds, to permit the relator, by its agent, W. Wallace Warner, and solely for its own private purpose, to have access, so long and so far as it is found necessary, to the place of records of said office, and to the books, records, files and papers thereof, to ascertain the state and character of the titles of all the real property in the county, and to construct a complete abstract of such titles. As serving to show that what is insisted on by relator is not in point of law impertinent but reasonable, it is stated that relator has in a few years become purchaser of about thirty thousand acres of pine land in said county of Ontonagon-; has erected extensive saw-mills, and invested nearly, if not quite, $200,000, and is constantly purchasing more land in said county; that it is cutting large quantities of pine, and in so doing is incurring much risk of damage on account of defective titles; that in view of the circumstances the course considered expedient to protect its rights and interests is to provide a system of abstracts of its own, covering the whole county, and to which it can always have ready recourse.

It appears by the record that respondent has not excluded relator from opportunity to examine and make abstracts so far as it has ownership or interests, present or prospective. The matter in dispute is whether relator has legal right to go further and insist on having the office accommodations, and the handling of the books, records, files and papers, to make up a system for the rest of the county.

A single consideration of a practical nature may be suggested here. Granting that no other difficulties appear, it seems evident that in any case where the claim is for a continuous use of the record office and its public contents from day to day and week to week, and not merely for a single

occasion, with all its material facts defined, there must be great, is not insuperable, difficulty in enforcing the claim by mandamus. The register has rights and duties which must be respected; so the general public have rights as well as the claimant; and the conditions are not steadily the same. They are subject to variation. On every occasion each must act reasonably, and with proper regard for the rights and duties of the others. As the circumstances vary the conduct must vary, so as to secure conformance to the rule of reasonable action by which the right is to be regulated.

When the case presents a single occasion, and calls for an act which is presently determinate, it is entirely practicable to direct the act by mandamus. But where the case contemplates something continuous, yet variable in its conditions and aptitudes, the remedy by that process seems an unfit one. It is the office of mandamus to direct the will, and obedience is to be enforced by process for contempt. It is, therefore, necessary to point out the very thing to be done; and a command to act according to circumstances would be futile.

Waiving further reference to the fitness of the proceeding on this ground, does the record in other respects present a proper case?

The relator is not a citizen nor an inhabitant, nor even a domestic corporation. It is not a natural person, but a private foreign corporation. It does not show its charter, nor give any evidence of its powers or artificial capabilities. We have no means of knowing that it has capacity to buy or hold lands or deal in titles anywhere; or to carry on the business in which its petition alleges it to be engaged; or to apply itself to such an enterprise as making a system of abstracts of all the titles of all the real property in a county. The case is bare of information in regard to the true legal status of the relator, and as to whether it is other than a mere intruder in what it now demands.

Unless the state of Delaware, to which it owes its existence and within whose dominion it belongs, has legally empowered it to deal in land and in land titles, it cannot

engage in such affairs in Michigan. *Thompson v. Waters* 25 Mich. 214. For the purpose of exercising any business activities here it must rely on the comity of the State, and not on any inherent and absolute right, because it has none. And the State, in extending its comity, may go no further than its pleasure dictates. It may stop short and tolerate but a part of relator's chartered powers or a limited rather than a full exertion of them. But it will never concede permission to go beyond the charter.

It follows, from what has been said, that the relator fails to show any title to the right it claims. The authority given to it by the state by which it was created is not disclosed and cannot be assumed, and therefore, if all other questions are waived, this is sufficient to forbid allowance of the writ.

I am therefore of opinion that the motion should be denied with costs.

The other Justices concurred.