## Kulp, Appellant, *v.* Board of Inspectors of Berks County Prison.

Argued April 13, 1931. Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*Walter B. Freed,* for appellant.

*Leonard G. Yoder,* for appellee.

Per Curiam, July 8, 1931:

We quote the following from the opinion of Judge Shanaman of the court below:

"Darlington R. Kulp, in his own name simply, seeks mandamus against the Board of Inspectors of the Berks County Prison, of which board he is a member, that we command them to comply with the statutes of May 19, 1923, P. L. 271, and June 4, 1915, P. L. 812, governing the payment to prisoners of their earnings on the public roads and in the production of various articles within the walls. His petition avers that the board are paying said wages monthly directly to the convicts, in violation of the requirements that such payments be paid to the recipients at the time of their discharge and periodically thereafter, or, upon convict's petition, to his dependents. Respondents have moved to quash the alternative writ on two grounds: (1) that the petition does not show that petitioner has a beneficial interest in the writ, in accordance with the Mandamus Act of June 8, 1893, P. L. 345, Sec. 3, and (2) that it appears on the face of the petition that the duty sought to be enforced is

a public one, and that under Sec. 4 of the same Act the proceedings must therefore be prosecuted in the name of the Commonwealth on the relation of the Attorney General or of the District Attorney.''

The duty of the Inspectors of the Prison is a public one and the 4th section of the Act of 1893, supra, can only be enforced by the attorney general or the district attorney of the proper county or by a private citizen having a specific and independent legal right or interest in himself different from that of the public at large and without remedy: Heffner v. Com. ex rel., 28 Pa. 108; Com. ex rel. v. Mitchell, 82 Pa. 343; Stegmaier v. Jones, 203 Pa. 47; Underwood v. Gendell, 227 Pa. 214.

The lower court rightly held that the applicant for the writ either as a member of the board of prison inspectors, or merely as a taxpayer, had no such a beneficial interest inherent in himself as would support his application for the mandamus. The quashing of the writ was therefore proper.

The appellant, having no standing to press the suit, the appeal is quashed.