## Davidson, Appellant, *v.* Beaver Falls Council.

Argued September 30, 1943. Before MAXEY, C. J.,
DREW, LINN, PATTERSON and STEARNE, JJ.

*Lawrence M. Sebring,* for appellant.

*E. Y. Calvin,* City Solicitor, with him *Leonard L.
Ewing,* for appellees.

OPINION BY MR. JUSTICE LINN, November 22, 1943:

In this mandamus proceeding, the order refusing the
writ is so well supported by the opinion written by Presi-
dent Judge READER, that we need only indicate briefly
why the order must be affirmed. The learned judge held
that Davidson, the plaintiff, was not beneficially inter-
ested and therefore not entitled to the writ and that,
apart from his incapacity to sue, the court would not
order the municipal authorities to exercise judgment and
discretion in a certain way.

Beaver Falls is a city of the third class. Davidson is,
and for a long time has been, a policeman of that city.
Such cities are required to establish Police Pension
Funds: Art. XLIII, section 4301, Act of June 23, 1931,
P. L. 932, 53 PS section 12198-4301. By ordinance of
May 12, 1941, the city established such a fund which is
now being administered. The plaintiff complains that
the fund was not established in 1930, and now seeks to

require the city to contribute at maximum rates all that it might possibly have contributed between 1930 and 1941 if it had established the fund in 1930; and that, in addition, the city should be ordered to pay to the fund all that the city could have deducted from wages of policemen for the purposes of the fund during the same period. The amount claimed on both accounts exceeds $29,000.

1. Such pension systems are designed to furnish retirement pay to eligible retired employes. The statute, for obvious reasons, does not require any city to contribute a certain sum, but authorizes contributions out of certain taxes, at a rate to be fixed by the city subject to specified minimum and maximum rate provisions.[1] What the rate of contribution shall be, is a fact to be ascertained by the city authorities in the exercise of judgment within the limits fixed by the legislature. In considering what the tax assessment and the rate of tax shall be and how much of the tax shall be devoted to retirement pay, the city authorities must not only exercise judgment but must often solve problems requiring careful balancing of pros and cons; in performing those duties they are not engaged in doing merely ministerial acts. The statute imposes the duty of fixing the rate on the city, not on the court; the court will therefore not issue its writ [2] compelling city authorities to make the contribution desired by plaintiff.

2. Section 3 of the Mandamus Act [3] provides that the writ "may issue upon the application of any person beneficially interested." Section 4 provides in part that "When the writ is sought to procure the enforcement of a public duty, the proceeding shall be prosecuted in the

---

[1] Section 4305, Act of June 23, 1931, P. L. 932, Art. XLIII, as amended by Act of July 12, 1935, P. L. 722, No. 283, section 1, 53 PS section 12198-4305.

[2] See *Com. ex rel Kelly v. Pommer et al.*, 330 Pa. 421, 423, 199 A. 485.

[3] Act of June 8, 1893, P. L. 345, section 3, 12 PS section 1913.

name of the Commonwealth on the relation of the Attorney General: Provided however, That said proceeding in proper cases shall be on the relation of the district attorney of the proper county . . ." The effect of these sections has been considered in a number of cases.[4] Section 3 is declaratory of the prior law on the subject. In *Commonwealth v. Mitchell,* 82 Pa. 343, 350 (1876), we said: "It is a well-established rule that he who sues for the writ of mandamus, must have some well-defined right to enforce, which is specific, complete and legal, and for which there is no other specific legal remedy, and the right which he claims must be independent of that which he holds in common with the public at large: *Heffner v. The Commonwealth,* 4 Casey 108." See also *Stegmaier v. Jones,* 203 Pa. 47, 50, 52 A. 56; *Com. ex rel. v. Mathues,* 210 Pa. 372, 375, 59 A. 961; *Com. ex rel. v. Powell,* 249 Pa. 144, 149, 94 A. 746; *Com. v. Wilkins,* 271 Pa. 523, 527, 114 A. 887.

The establishment and administration of the Police Pension Fund is a public duty; Davidson's interest was not different from that of other policemen in or other residents of the city. He may or may not in the future become eligible to retirement pay. He is not now suffering any special private damage or injury differing in kind and not alone in degree from that suffered by the residents generally.

Laches was also relied on by the respondents; we agree with the learned court that it is unnecessary to consider it.

Order affirmed at appellant's costs.

---

[4] *Com. ex rel v. Mathues,* 210 Pa. 372, 375, 59 A. 961; *Com. ex rel v. Powell,* 249 Pa. 144, 149, 94 A. 746; *Stegmaier v. Jones,* 203 Pa. 47, 50, 52 A. 56; *Com. v. Wilkins,* 271 Pa. 523, 527, 115 A. 887; *Com. ex rel Kelley v. Pommer,* 330 Pa. 421, 199 A. 485; *Homan v. Mackey,* 295 Pa. 82, 85, 86, 144 A. 897; *Chilli v. McKeesport School Dist.,* 334 Pa. 581, 583, 6 A. 2d 99; *Angelotti v. Rankin Borough,* 341 Pa. 320, 323, 19 A. 2d 398; *Com. ex rel Wesenberg v. Bethlehem School Dist.,* 148 Pa. Superior Ct. 250, 258, 24 A. 2d 673.