426

## Tumolo v. Blanc

*Meyer E. Maurer*, for plaintiff.

*Jacob J. Siegal*, Assistant City Solicitor, *Murray H. Shusterman*, Deputy City Solicitor, *David Berger*, City Solicitor, for defendant.

LEWIS, P. J., May 9, 1957.—Plaintiff, as an individual, without official or representative status, filed this complaint in mandamus against Victor H. Blanc, District Attorney of the City of Philadelphia.

In the complaint plaintiff alleges that he is a duly-qualified elector of the First Councilmanic District of Philadelphia, and that a vacancy exists in the councilmanic office for that district, that the president of city council has refused to issue a writ of election for the primary election of May 21, 1957, that he (Tumolo) has commenced an action in mandamus against the council president asking that the court direct the president to issue a writ of election, that he has requested District Attorney Blanc to join in the action against President Tate, or to grant plaintiff formal permission to use his name in that proceeding, that this request has been refused and that without such joinder his complaint against Council President Tate is defective under the pertinent provisions of the Mandamus Act.

Defendant filed preliminary objections in the nature of a demurrer and plaintiff has filed a motion for summary judgment.

The Mandamus Act of June 8, 1893, P. L. 345, sec. 3, provides that:

"The writ of mandamus may issue upon the application of any person beneficially interested."

Section 4 provides that:

"When the writ is sought to procure the enforcement of a public duty, the proceedings shall be prosecuted in the name of the commonwealth on the relation of the attorney general: Provided however, That said proceeding, in proper cases, shall be on the relation of the district attorney of the proper county: Provided further, That when said proceeding is sought to enforce a duty affecting a particular public interest of the state, it shall be on the relation of the officer entrusted with the management of such interest. In all other cases the party procuring the alternative writ shall be plaintiff, the party to whom said writ is directed shall be defendant, and the action shall be docketed as in ordinary cases, namely: ——— plaintiff, versus ——— defendant."

It is well established that mandamus is an extraordinary writ for the enforcement of a ministerial duty: Dorris v. Lloyd (No. 1) 375 Pa. 474, (1953); Butcher v. Philadelphia Civil Service Commission, 163 Pa. Superior Ct. 343 (1948).

Thus the chief issue presented by the writ before us is whether the joinder as relator of the attorney general, district attorney or other official required by section 4 of the Mandamus Act is such an action as may be enforced by a writ of mandamus.

The question all but answers itself, for it would appear that the decision as to whether an action should be commenced is primarily an exercise of discretion; certainly the preparation and conduct of the proceedings after suit is started would necessitate a series of acts all involving the exercise of discretion. In such circumstances a writ of mandamus directed to the appropriate public officer is not available. See Dorris

v. Lloyd, supra, at page 478, where the court, speaking through Chief Justice Stern, said:

"Mandamus lies only to compel the performance by a public officer of a ministerial duty. . . . Moreover, a fatal objection to the granting of the relief here sought is the fact that, as stated in 55 C.J.S., 109, 110, §66: 'The ordinary office of the writ of mandamus is to coerce the performance of single acts of specific and imperative duty, . . . ; and ordinarily it is not an appropriate remedy to compel a general course of official conduct or a long series of continuous acts, to be performed under varying conditions, . . .' . To this there is added in 34 Am. Jur. 864, §74: 'It is plain that where the court is asked to require the defendant to adopt a course of official action, although it is a course required by statute and imposed upon the official by law, it would be necessary for the court to supervise, generally, his official conduct, and to determine in numerous instances whether he has, to the extent of his power, carried out the mandate of the court. It would in effect render the court a supervising and managerial body as to the operation and conduct of the activity to which the writ pertains, and so keep the case open for an indefinite time to superintend the continuous performance of the duties by the respondent.'"

In addition, any interpretation holding the required relationship of the attorney general or other official to be merely formal or ministerial would effectively abolish the division of parties entitled to prosecute the writ existing at common law and explicitly carried over into the above act, for so long as a breach of public duty was alleged any person regardless of his real interest in the controversy could prosecute an action in mandamus on the relation of the official involved.*

---

* Commonwealth ex rel. Snyder v. Mitchell, 82 Pa. 343 (1876); Heffner v. The Commonwealth ex rel. Kline, 28 Pa. 108 (1857).

More importantly, in such cases the Commonwealth and the attorney general or other official involved would be made a party to numerous actions over which the official would be able to exercise no control. The resultant interference with the orderly administration of the Commonwealth's business and the added burden on the courts could well be chaotic. See Fetterolf v. Josephs, 75 D. & C. 76 (1950), at page 80, where the court, addressing itself to this problem, said:

"That mandamus is an extraordinary remedy aimed at enforcing the performance of ministerial public duties is not an empty medievalism. The courts would be swamped if they were open to the efforts of people to make other people do what the complaining parties conceived it to be defendant's public duty, and public officials would have difficulty in doing any work at all. Requiring the relation of the attorney general or district attorney provides a necessary screening for this type of litigation."

Plaintiff contends that unless he is permitted to obtain the relationship of the district attorney he will be unable to proceed in his suit against the president of city council, since in the proceeding he seeks the enforcement of a public duty. However, if plaintiff possesses sufficient beneficial interest in the controversy apart from his interest as a member of the general public, he may prosecute the writ of mandamus in his own name, notwithstanding that the duty sought to be enforced is a public duty. See Loraine v. Railroad Company, 205 Pa. 132 (1903), at page 136, where Mr. Justice Dean said:

"True, the act directs that when a writ is sought to prevent the performance of a public duty only the proceeding shall be in the name of the commonwealth at the relation of the attorney general or the district attorney of the proper county, but it also provides in the 3d section, that it shall issue on the application of

any person beneficially interested. While we have no doubt, that these words would give standing to anyone interested to make application to the attorney general for his intervention, they just as clearly gave to each person the right existing before the act, to sue out the writ when he seeks to protect an interest, special to himself as distinct from the general public."

Accordingly, we entered the following orders: (a) Plaintiff's motion for summary judgment is dismissed; (b) defendant's preliminary objections are sustained; (c) plaintiff's complaint is dismissed.