De Blasio *v.* Capra (et al., Appellant).

Argued October 2, 1963. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Thomas J. Terputac,* for appellant.

*George B. Stegenga,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, January 7, 1964:

Plaintiffs-appellees filed a complaint in mandamus seeking an order requiring defendants-appellants to proceed with arbitration procedures, as required by the Act of June 30, 1947, P. L. 1183, 43 P.S. §215.1, as amended. This appeal followed the entry, in the court below, of an order granting the relief prayed for in the complaint.

Appellees are members of Local Union 1662, American Federation of State, County and Municipal Employees, AFL-CIO, and were employed by appellant, Cecil Township. In March of 1961, the Union entered into a contract with the Township, governing the conditions of employment of Township employees, including appellees. The contract contained, inter alia, a clause providing that the contract would be effective for one year and that "both parties hereto shall give sixty (60) days notices prior to the reorganization meeting for any proposed changes in said Agreement . . ." The clause continues: "This Agreement shall go into effect . . ., on the 23 day of March, 1961, and shall continue until the last day of December of 1961, or until a new contract is negotiated".

The Township Supervisors held a reorganization meeting on January 1, 1962. At this meeting, appellee De Blasio was not recalled to work, though employees with less service were, and the parties have stipulated that "there was no mention made however, whether he was fired or what disposition was made of his employment." Appellee Zgorlski was hired for the ensuing year but alleges that he has received no employment, while employees with less seniority have.

The parties stipulated, in the court below, "that should the Court find that this contract, or any part of this contract, was in effect in January of 1962, then the relief sought for by the plaintiffs should be granted, provided that either one or both plaintiffs come within the relevant articles of the contract itself".

The Township contended that the contract terminated at the end of 1961, and even if it did not, the Board of Supervisors in office in 1961, had no power to bind the Supervisors in office in 1962. Appellees, on the other hand, contended that the contract was automatically renewed by failure of the Township to give the notice required, and by the explicit language of the above quoted clause.

The court held that appellees, as employees of the Township, were entitled to submit their seniority grievance to arbitration, in accordance with the terms of the Act.

We need not, nor do we, at this time, decide the question of automatic renewal of the collective bargaining agreement, such a determination not being essential to the decision of the case. Appellees' grievance is of the type contemplated by the Act, *Pittsburgh City Fire Fighters Local No. 1 v. Barr,* 408 Pa. 325, 184 A. 2d 588 (1962), and they are entitled to submit it to arbitration in accordance with the provisions of the Statute. As aptly stated by appellees in their argument: "It could well be that the Panel empowered to hear the grievances would state that the Township acted in good faith and had the right to do what they did. This we do not know. All the plaintiffs are asking is the right to be heard".

Order affirmed.