## Spadaccino v. Middletown Township Supervisors

*Harold S. Patton*, for plaintiffs.

*Alan D. Williams, Jr.*, for defendants.

BIESTER, P.J., May 27, 1965.—This is an action of mandamus in which plaintiff, a justice of the peace in Middletown Township, this county, would have us direct that the supervisors of the township and the chief of police thereof comply with the provisions of section 1201 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1201, the applicable provisions of which are:

"Informations, charging violations of any of the

summary provisions of this act . . . shall be brought before the nearest available magistrate within the city, borough, incorporated town, or township in the county where the alleged violation occurred . . . ; where there is no substantial difference between the respective distances from the place where the alleged violation occurred . . . to the offices of more than one magistrate, any such prosecution may be brought before any one of such magistrates . . ."

From the complaint we are informed that defendant supervisors on November 11, 1964, decided that all traffic arrests, criminal arrests and all township ordinance arrests be equally divided between the two justices of the peace of the township and that this decision was made known to all police officers of the township by the chief of police on November 17, 1964. It is alleged that as a result of this directive, plaintiff has been unlawfully deprived of fees.

At oral argument, the background and occasion for this unusual procedure and the controversy arising as a result thereof were revealed. It was there conceded that the office of plaintiff and another justice of the peace in the same township are within a very short distance of each other and that there is an unusual traffic pattern involving one-way streets, so that, on many occasions, although the violation may have occurred closer to the office of the other justice of the peace, it would be necessary to pass plaintiff's office in order to reach the office of his fellow magistrate.

Defendants have filed preliminary objections in the nature of a demurrer, alleging that plaintiff lacks capacity to sue and that an action of mandamus is, under the circumstances, inappropriate.

The characteristics of the writ and its applicability in a given situation may be delineated as follows:

1. It requires affirmative action on the part of defendant. This is implicit in both the Act of June 8,

1893, P. L. 345, sec. 2, 12 PS §1912, and Pennsylvania Rule of Civil Procedure 1095, setting forth the required content of a petition for the writ. To comply therewith it is essential that plaintiff set forth the act or duty whose performance he seeks, the demand or refusal to perform the act or duty, and a prayer for judgment commanding defendant to perform the act or duty. In the figurative language used in Zaccagnini v. Vandergrift Borough, 395 Pa. 285, 289:

"It (the writ) takes an official by the coat lapel and orders him to do what, up to that moment, he has felt he had no right to do and was under no compulsion to do."

2. Where some form of action is mandatory under law and the only discretion is the method of performance, defendant may be compelled to exercise the discretion, but not the manner of such exercise: Edelman v. Boardman, 332 Pa. 85, 92; Rothey Bros., Inc. v. Elizabeth Township, 381 Pa. 30, 32.

3. Where a person or body is clothed with judicial, deliberate or discretionary powers, and he or it has exercised such powers according to his or its discretion, mandamus will not lie to compel the undoing or a revision of such decision, although, in fact, the decision rendered may have been wrong: Horowitz v. Beamish, 323 Pa. 273, 275; Kaufman Construction Company v. Holcomb, 357 Pa. 514, 520.

4. Mandamus is not a remedy of absolute right but an extraordinary writ, discretionary with the court, and can be obtained only where there is a clear, legal right in relator and a positive duty of defendant to be performed. It can never be invoked in a doubtful case: Chilli v. McKeesport School District, 334 Pa. 581; Travis v. Teter, 370 Pa. 326, 330; Francis v. Corleto, 204 Pa. Superior Ct. 280, 283.

5. Although the writ will not lie to control an official's discretion of judgment if that official is vested

with discretionary power, such discretion is reviewable and reversible where it is arbitrarily or fraudulently exercised, or where it is based upon a mistaken view of the law: Garratt v. Philadelphia, 387 Pa. 442, 448; Maxwell v. Farrell School District Board of Directors, 381 Pa. 561.

6. The writ of mandamus may issue upon the application of a person beneficially interested (12 PS §1913), but in order to sue for the writ one must have some well defined right to enforce which is specific, complete and legal and which is independent of a right which he holds in common with the public at large: Davidson v. Beaver Falls Council, 348 Pa. 207; Dorris v. Lloyd, 375 Pa. 474.

The complaint, although it bottoms the action on the alleged impropriety of the directive of the supervisors through the chief of police and by him to the other officers, by way of relief prays that we command defendant supervisors "to direct the police officers to bring all informations charging violations of any of the summary provisions of the Vehicle Code to the nearest available magistrate", thus appropriately recognizing the affirmative nature of the writ.

If we were to issue the order requested, we would necessarily be in conflict with those cases which hold that mandamus is not an appropriate remedy to compel a general course of official conduct, or a long series of continuous acts, to be performed under varying conditions. As was said in Dorris v. Lloyd, supra, page 478, ". . . a fatal objection to the granting of the relief here sought is the fact that, as stated in 55 C. J. S. 109, 110, §66: 'The ordinary office of the writ of mandamus is to coerce the performance of single acts of specific and imperative duty, . . .; and ordinarily it is not an appropriate remedy to compel a general course of official conduct or a long series of continuous acts, to be performed under varying conditions, . . .' To this

there is added in 34 Am. Jur. 864, §75: 'It is plain that where the court is asked to require the defendant to adopt a course of official action, although it is a course required by statute and imposed upon the official by law, it would be necessary for the court to supervise, generally, his official conduct, and to determine in numerous instances whether he has, to the extent of his power, carried out the mandate of the court. It would in effect render the court a supervising and managerial body as to the operation and conduct of the activity to which the writ pertains, and so keep the case open for an indefinite time to superintend the continuous performance of the duties by the respondent.' " See also Lakeland Joint School District Authority v. Scott Township School District, 414 Pa. 451, 458.

In addition, there is no clearly defined duty resting upon the supervisors of the township, or the police chief thereof, to issue a directive requiring police officers to comply with section 1201 of The Vehicle Code. That is to say, the action sought of defendants is not one created as a matter of public duty or purely ministerial in character. Under the terms of the township code, supervisors have the duty and obligation to employ policemen and, concomitant therewith, the right, as protected by the Police Tenure Act of June 15, 1951, P. L. 586, 53 PS §812, to suspend or remove an appointee to the police force, and such authority to hire and fire would be futile if it did not carry with it, at least by implication, the authority to enact reasonable rules for the effective administration of the force: Salopek v. Alberts, 417 Pa. 592, 598. It does not follow, however, that in respect to a particular field such as the matter before us, supervisors are mandated to issue the order sought by plaintiff.

There is another reason why the complaint in these proceedings is defective, arising out of the fact that plaintiff is not, in our view, one having such beneficial

interest as to permit him to institute this action in his own name. As heretofore adverted to, a private individual is entitled to seek the writ, but only where he can show some particular right or privilege of his own independent of that held in common with the public at large. Complaint avers that as a duly elected justice of the peace, plaintiff is entitled to receive in his office the informations and the lawful fees for such violations of law occurring nearest to his office and that any failure of literal compliance with the wordage of section 1201 of The Vehicle Code deprives him of fees to which he would otherwise be entitled.

As is pointed out in the strikingly similar case of Magistrates Association v. York City, 71 York 46, the fact that plaintiff may receive costs from some of the cases in the future if the informations are properly brought before him is only incidental. This, in itself, does not give him any special legal right or interest in the proper enforcement of the provisions of The Vehicle Code. Section 1201 is not a part of The Vehicle Code designed to protect the financial interest of an individual justice of the peace. On the contrary, as was said in Commonwealth v. Muth, 397 Pa. 106, 112:

"These venue provisions were inserted for the purpose of preventing oppression. They were designed to prevent officers from harassing motorists who violate the code by taking them to a magistrate at a distant point in the county, and also to prevent an improper alliance between the magistrate and the officer in the prosecution of violators."

As we have heretofore said in this opinion, the discretion vested with an official body is reviewable when based upon a mistaken view of the law, but this action does not fall within this category. As was observed by Judge Laub, in the well-considered case of Commonwealth v. Petrunger, 45 Erie 54, the courts, in dealing with section 1201, have used the terms "venue" and

"jurisdiction" almost interchangeably in deciding the cases arising out of this section. Actually, the courts are concerned with "territorial jurisdiction" which is equivalent to venue and, although defendant in any given case has the right to raise the question of venue, which may be contested even after a waiver of hearing before a justice of the peace: Commonwealth v. Gill, 166 Pa. Superior Ct. 223, the procedural irregularity in bringing the action before a justice of the peace other than the nearest available one does not completely oust the jurisdiction of the hearing justice of the peace. In other words, defendant in any given case may submit himself to the jurisdiction of the justice of the peace other than the nearest available one to the place of the violation, and, if no attack upon the territorial jurisdiction is raised, the proceeding before the inappropriate justice is not void, but voidable. That is to say, the procedure involved is a matter of venue rather than true jurisdiction and, therefore, subject to being waived by consent: McGinley v. Scott, 401 Pa. 310, 316; County Construction Company v. Livengood Construction Corporation, 393 Pa. 39, 44-45. It is also pertinent to observe that by the terms of the section itself, where there is no substantial difference between the place where the alleged violation occurred and the office of two justices of the peace, prosecution may be brought before either one: Commonwealth v. Burall, 146 Pa. Superior Ct. 525; Commonwealth v. Stubenazy, 25 D. & C. 2d 439. We cannot say, therefore, that there was a clear misconception of the law by defendants applicable to the situation now before us.

It is our conclusion, by reason of the views hereinbefore set forth, that plaintiff does not have a clear legal right in the premises, nor that defendants have a clear legal duty which they and he have refused to perform and reach the inevitable conclusion that plaintiff has not stated a good cause of action.

Although we appreciate that a summary judgment should not be entered against plaintiff where there appears to be a possibility of amendment to cure the defects in the pleading, the inherent and basic weaknesses present in plaintiff's case are such as not to be curable. We, therefore, make the following

ORDER

And now, to wit, May 27, 1965, without prejudice to plaintiff's right to institute other appropriate proceedings, the preliminary objections in the nature of a demurrer are sustained and the within action of mandamus dismissed. Judgment is directed to be entered in favor of defendants and against plaintiff. Plaintiff shall bear the costs of this proceeding.