## Brown v. Snyder, Mayor of City of York

*Morrison B. Williams*, for plaintiff.
*John W. Heller, 3rd*, for defendant.

ATKINS, P. J., January 24, 1966.—On February 2, 1962, the City of York enacted an ordinance, and the portions thereof which are pertinent to this case are as follows:

"324 (b) There shall be attached to and function within the department of public safety as a department administrative board, the city police advisory board.

"Section 345—Police Advisory Board.

"(a) The city police advisory board shall consist of five persons appointed by the mayor for a term of five years and until their successors are appointed and qualify. Vacancies, occurring other than by expiration of a term, shall be filled for the unexpired term. The members shall serve without compensation. The board shall be attached to and shall function within the department of public safety.

"(b) The city police advisory board shall perform the following duties and exercise the following powers:

"(1) Investigate and hear complaints by citizens, civic groups or public officials or employees of alleged misconduct to private citizens by the personnel of the City police force and report the result of its investigations and hearings to the director of the department of public safety. The term 'misconduct' shall include, but not be limited to the mistreatment, abusive language, false arrest, unreasonable or unwarranted use of force, unreasonable searches and seizures, denial of civil rights or discrimination because of race, religion or national origin.

"(2) Consult with and advise the director of the department of public safety and the mayor with respect to methods, techniques, policies, procedures and regulations for effectuating the city policy against police oppression.

"(3) Submit reports annually with regard to its work and recommendations.

"(4) Adopt and promulgate such rules and regulations and utilize such procedures, methods, and techniques as it deems necessary or desirable to accomplish its function".

This plaintiff filed a complaint in this court seeking a writ of mandamus to compel the mayor of the city to appoint five persons as members of a police advisory board, as provided in the ordinance. She alleges that no such board now exists and that a request by her to the mayor to make the appointments was refused by him.

As the basis for her right to demand the creation of such a board, her complaint alleges that she "is entitled to hearing on her complaint, that she was, on June 13, 1965 by the police of the City of York mistreated and subjected to abusive language and unreasonable and unwarranted use of force". The city filed preliminary objections consisting of a demurrer to the complaint and a motion to strike it by reason of certain formal defects. In its brief, it states that the motion to strike is abandoned.

We then have before us only the demurrer, which sets forth four reasons in support of it. The first two of these four reasons may be combined, and the reasons may be summarized thus:

(a) The action must be in the name of either the attorney general or the district attorney, since plaintiff has no personal interest that is so far different from that of the general public that entitles her to sue in her own name.

(b) The duty imposed on the mayor to make the appointments is not mandatory but discretionary, and

(c) Adequate redress is available to her either by way of criminal prosecution or a civil action for damages against the offending policemen.

Prior to the argument on the demurrer, counsel for the American Civil Liberties Union asked leave to file

a brief and to present oral argument. Permission was granted to do both. Much of the brief submitted is directed to the question of the merits of such a board and its values as an instrument of government, which, of course, is irrelevant to this action. The desirability or undesirability of having such a board is not within the province of the court to determine. That is strictly a legislative problem that must be determined by the appropriate legislative body, in this case, the city council, acting within the limits of its authority to legislate.

We will consider the three reasons advanced in support of the demurrer in slightly different order than they are stated above, and will consider first the question of whether the language of the ordinance imposes a mandatory duty on the mayor to appoint members to the police advisory board. The ordinance says that there shall be a city police advisory board. It further says that the city police advisory board shall consist of five persons appointed by the mayor. The city argues that the word "shall" is at times construed as "may". This is true, but the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 33, 46 PS §533, provides that "Words and phrases shall be construed according to rules of grammar and according to their common and approved usage. . . ." Webster defines "shall" as "owe; be under obligation for", and points out that when used in the second or third person as it is here in this ordinance, it is expressive of authority or compulsion on the part of the speaker: Webster's New International Dictionary, 2d edition, Unabridged. In Crane's Appeal, 344 Pa. 624, our Supreme Court recognized that the ordinary signification of the verb "shall" is imperative and not permissive, unless the latter meaning is required by the context. There is nothing in this ordinance to indicate an intent of the city council that the mayor *may* appoint a police advisory board if he wishes, but that he need not if that

be his desire. We find nothing in the language of the ordinance to indicate that the provisions concerning the creation and appointment of the police advisory board were to be anything other than mandatory.

We now turn to the first question raised by the demurrer, namely, does this plaintiff allege facts in her complaint which, if proven, would show a sufficient interest in her to permit her to maintain this action? "The test of right of a private relator to the writ (of mandamus) is *not* merely whether the duty sought to be performed be a public one but whether the complainant by breach of the public duty has suffered an injury special and peculiar to himself": Butcher v. Philadelphia Civil Service Commission, 163 Pa. Superior Ct. 343. (Italics in the original). The courts of Pennsylvania have been called upon many times to apply this rule. Mandamus has been refused in the following situations because it was determined that plaintiff did not suffer an injury that was peculiar to plaintiff as distinguished from the general public. In an action by a taxpayer to compel a city to abate a nuisance of sidewalk obstruction, plaintiff was said to be no different from any other citizen: Reading v. Commonwealth, 11 Pa. 196. In an action by a member of a police force to compel a city to make contributions to a pension fund covering a number of years prior to the establishment of the fund, it was held that plaintiff had no interest differing from that of any other policeman: Davidson v. Beaver Falls Council, 348 Pa. 207. In an action by a chairman of a political party to compel the county board of elections to instruct election officers and to investigate election frauds, it was held that plaintiff's interest was not different from that of any other citizen: Dorris v. Lloyd (No. 1), 375 Pa. 474. A member of a board of prison inspectors had no such beneficial interest that would entitle him to maintain an action for a writ of mandamus to compel the board

of which he was a member to comply with an Act of Assembly regarding the payment of prisoners' earnings: Kulp v. Board of Inspectors of Berks County Prison, 102 Pa. Superior Ct. 310. A taxpayer is not clothed with such a beneficial interest that he may compel a civil service board to permit him to inspect the questions asked in prior civil service examinations, although such records are public and subject to inspection. The right, being a public one, may not be enforced by an individual who is interested only as a member of the public: Butcher v. Philadelphia Civil Service Commission, supra. A taxpayer may not obtain a writ of mandamus to compel a mayor of a city to appoint police magistrates, since there is nothing to indicate an interest on the part of plaintiff that differs from other members of the public: Commonwealth ex rel. Price v. Jermyn, 45 Pa. C.C. 183.

In the following situations, the right of private individuals to maintain the action was upheld. The owner of a coal mine was entitled to a writ of mandamus to compel a railroad corporation to haul coal from his mine without requiring the mine owner to sell coal only to a company controlled by the president of the railroad: Loraine v. Pittsburg, Johnstown, Ebensburg & Eastern Railroad Co., 205 Pa. 132. Where a church organization owned land on both sides of a highway, it could maintain an action in its own name to compel the municipality to open and maintain the highway: St. David's Church v. Sayen, 244 Pa. 300. A policeman may sue in his own name to obtain a writ of mandamus to protect his employment: Souder v. Philadelphia, 305 Pa. 1. An organization of firemen was permitted to sue to obtain a writ of mandamus to compel a city to name a member to a panel to consider grievances of the firemen under the Act of June 30, 1947, P. L. 1183, 43 PS §215.1; Pittsburgh City Fire Fighters Local No. 1 v. Barr, 408 Pa. 325. Individual

employes of a municipality also are entitled to mandamus to compel a municipality to submit their grievances to a panel constituted under the terms of the Act of 1947, supra: DeBlasio v. Capra, 413 Pa. 148.

The import of these cases seems to be that a plaintiff who has an interest that is peculiar to that plaintiff, as contrasted to that of individual members of the general public, or even as contrasted to other individuals of a group of which plaintiff is a member, is entitled to proceed individually to obtain relief by mandamus without relying on the attorney general or the district attorney. Such a person is considered to have a beneficial interest as contemplated by section 3 of the Act of June 8, 1893, P. L. 345, 12 PS §1913.

Here, plaintiff recites in her complaint that she has been subjected to the precise type of treatment which section 345(b)(1) of the ordinance in question provides shall be the subject of a hearing on the complaint of a citizen. This takes her out of the category of a member of the general public, and does create in her a specific interest, as contemplated by the ordinance. Therefore, we conclude that she is entitled to proceed in her own name.

The mayor also argues that plaintiff is precluded from maintaining this action because she may obtain redress by criminal proceeding or by an action for damage. "It is the inadequacy, not the mere absence of other legal remedy, and the danger of a failure of justice without it that generally determines the issuance of mandamus. Such other remedy, to bar mandamus, must not only be adequate in the general sense of the term, but it must be specific and appropriate to the circumstances of the particular case; it must be a remedy that will be efficacious to afford relief upon the very subject matter involved and to enforce the right or performance of the duty in question—one to which the complaining party may at all times resort

at his own option fully and freely without let or hindrance and which is available against the party from whom the duty is owing, as distinguished from one against a third person": 34 Am. Jur. 838, §44. " 'It is well established that the existence of a remedy by indictment for the omission of duty or other grievance complained of, constitutes no objection to granting the extraordinary aid of a mandamus. An indictment, at the most, is merely punitive, and not remedial in its nature, and can only punish the neglect of duty, without compelling its performance. It cannot, therefore, take the place or usurp the functions of a mandamus, which affords specific relief by commanding the performance of the identical thing sought' ": Commonwealth v. Wilkins, 271 Pa. 523. In Edward H. Ellis, Inc. v. Hines, 338 Pa. 183, defendant, who was the secretary of labor, refused to certify labor to plaintiff, as was required by the terms of the statutes and regulations affecting the public works administration. Plaintiff applied for a writ of mandamus to compel the certification of labor to plaintiff, and defendant, who was the Secretary of Labor of the Commonwealth of Pennsylvania, defended on the ground that plaintiff had an adequate remedy by an action for damages against the city with whom he had a contract. In legal discussion, the Supreme Court said: " ' The contention of the defendant is that the plaintiff has an adequate remedy at law in that he can bring an action against the city for money he is entitled to under his contract and also that the plaintiff having averred coercion to unionize the plant, he has his remedy under the Labor Relations Act. Neither one of these contentions is applicable for the reason that the prayer of the plaintiff is for the rescission of the refusal to certify labor who are applying for work. The gravamen of the instant case is the right to get labor, not to recover money' ". Neither a procedure by criminal indictment nor by way

of action for damages would accomplish the results sought by this plaintiff. In fact, both of these procedures would involve persons not presently parties to the proceeding. We conclude that the demurrer must be refused.

We, accordingly, enter this order:

And now, to wit, January 24, 1966, it is ordered, adjudged and decreed that the preliminary objections filed herein be and are hereby overruled and dismissed, and defendant is granted 20 days from this date in which to file an answer to the merits of the complaint.