Russell *v.* Osser et al., Appellants.

46

Argued November 12, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Levy Anderson,* First Deputy City Solicitor, with him *Edward G. Bauer, Jr.,* City Solicitor, for appellants.

*Edward R. Becker,* for appellees.

OPINION BY MR. JUSTICE COHEN, January 30, 1970:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County dismissing exceptions to an order in mandamus, entered on October

26, 1968, insofar as it directed action to be taken with respect to future elections.

Appellees, as citizens, taxpayers and registered electors, filed a complaint in mandamus against the City Commissioners of the City of Philadelphia acting as the County Board of Elections and the supervisor of the Philadelphia voting machine warehouse and its custodian of voting machines. The complaint alleged that appellees on October 8 and 25, 1968 had inspected a number of the voting machines that were to be used in the November 5, 1968 election and that (a) the protective counter numbers were greater than those recorded at a previous inspection, (b) on four machines the doors had been bent or pried, (c) on eight machines the seals had been broken, and, (d) on the machines assigned to the 59th Ward the original seals had been removed and new ones substituted. Appellees alleged that there had been fraud in connection with the preparation of the machines and prayed for summary judgment ordering appellants to permit inspection of all machines and to correct any irregularities.

On Sunday, October 27, 1968 Judge GRIFFITHS held a hearing at the voting machine warehouse after which he entered summary judgment (1) directing the City Commissioners to correct all incorrect permanent counter number certificates; (2) seal all machines on which seals were missing; (3) block out all spaces not actually in use in any election held after March 1, 1969; (4) to secure tamper proof seals for all voting machines with each seal to be individually identified by serial number for use in any election after March 1, 1969; (5) to supply a security guard for each floor of the voting machine warehouse storing voting machines for 24 hour duty with foot patrol every 30 minutes over the entire area until the machines were all removed to voting districts and during the period of impoundment upon return to the warehouse; the order to

apply to the general election of November 5, 1968, and to future elections from the time the machines are sealed.

Appellants filed an answer to the complaint in which they admitted some of the factual allegations but denied that there had been any fraud or tampering with the preparation of the machines. On December 4, 1968 by stipulation between the parties it was agreed that the October 27 hearing should be considered as a final hearing on the merits of the complaint and that the decree entered that day should be deemed a decree as on final hearing on the merits and that either party might file exceptions. Appellants filed exceptions to paragraphs 3, 4 and 5 insofar as they pertained to future elections and to paragraphs 3 and 4 in that they might be physically impossible of performance.

After appellants had called the court's attention to authority holding void hearings held and decisions rendered on Sunday, it ordered a new hearing to be held on March 4, 1969 at which all evidence heard at the original hearing was to be reheard. At the hearing counsel stipulated that the record of the October 27 hearing could be considered as if it had been made in open court on March 4, 1969. The stipulation was subject to appellants' objection that the facts and issues were now moot because the November 5, 1968 election had been held and those who were elected had taken office. On May 2, 1969 the court en banc dismissed appellants' exceptions, and this appeal followed.

The order as it presently stands can not be affirmed because it purports to regulate conduct in the future. As we stated in *Dorris v. Lloyd (No. 1)*, 375 Pa. 474, 478-9, 100 A. 2d 924 (1953), "[A] fatal objection to the granting of the relief here sought is the fact that . . . 'The ordinary office of the writ of mandamus is to coerce the performance of single acts of specific and imperative duty, . . .; and ordinarily it is not an appropri-

ate remedy to compel a general course of official conduct or a long series of continuous acts, to be performed under varying conditions, . . .' To this there is added . . .: 'It is plain that where the court is asked to require the defendant to adopt a course of official action, although it is a course required by statute and imposed upon the official by law, it would be necessary for the court to supervise, generally, his official conduct, and to determine in numerous instances whether he has, to the extent of his power, carried out the mandate of the court. It would, in effect, render the court a supervising and managerial body as to the operation and conduct of the activity to which the writ pertains, and to keep the case open for an indefinite time to superintend the continuous performance of the duties by the respondent. Accordingly, the writ will not issue to compel the performance of a series of acts by a judicial officer . . . nor to compel performance of other acts of a continuous nature." See also *Dombrowski v. Philadelphia*, 431 Pa. 199, 245 A. 2d 238 (1968).

Therefore, the order must be modified by striking from it all references to future conduct, acts and events. This disposition of the appeal makes it unnecessary to consider any of the other issues raised.

Order affirmed as modified.

Mr. Chief Justice BELL and Mr. Justice ROBERTS would affirm the decision of the court en banc.