Commonwealth of Pennsylvania, Plaintiff *v.* Oscar W. Bodamer, Chairman, Louis Judson, Henry Mackey, in their capacities as the County Commissioners of Venango County and Harry A. Storm, Sheriff, Defendants.

Argued November 3, 1978,

Thomas F. Halloran, Assistant Attorney General, with him J. Andrew Smyser, Deputy Attorney General, and Gerald S. Gornish, Acting Attorney General, for plaintiff.

H. Woodruff Turner, with him David A. Borkovic, and Kirkpatrick, Lockhart, Johnson & Hutchison, and, of counsel, F. Earle Magee, Jr., for defendants.

OPINION BY JUDGE MACPHAIL, February 20, 1979:

Plaintiff, the Commonwealth of Pennsylvania, has sued the Commissioners and Sheriff of Venango County (Defendants) in equity to enforce standards applicable to Pennsylvania county jails and prisons (Standards) promulgated by the Bureau of Correction of the Department of Justice (Department). The Defendants filed preliminary objections in the nature of a demurrer which aver the existence of a full, complete and adequate remedy at law.

Concerning the objection of a full, complete and adequate remedy at law, the Defendants contend that

the Commonwealth has an adequate remedy at law in the nature of an action in mandamus. We disagree. Here we are not concerned with the performance of a specific ministerial act but rather a general course of official conduct to be carried out over a long period of time and under varying conditions. Our Supreme Court has held that mandamus will not lie in such circumstances. *Lakeland Joint School District Authority v. Scott Township School District,* 414 Pa. 451, 200 A.2d 748 (1964); *Dorris v. Lloyd,* 375 Pa. 474, 100 A.2d 924 (1953). Accordingly, we hold that equitable relief is appropriate.

The Defendants also contend that the Commonwealth's complaint is fatally defective because the Standards it seeks to enforce are invalid. The Standards were officially adopted by publication at 3 Pa. Bulletin 655 et seq. on April 7, 1973. In the official notice it is stated:

> The Standards hereby adopted are adopted pursuant to the authority contained in the Act of April 9, 1929, P.L. 177, Article IX, §916, added July 29, 1953, P.L. 1424, §2 (71 P.S. §306).

That statute gives the Department authority to regulate *state* institutions, not *county* jails and prisons. However, while admitting its error in this respect, the Commonwealth contends that in its notice of *intention* to adopt the Standards published at 3 Pa. Bulletin 229 et seq. on February 3, 1973, it correctly cited Section 3 of the Act of December 27, 1965, P.L. 1237, 61 P.S. §460.3, as its statutory authority and that somehow that legislative authority is carried over by reference into the notice of adoption.

We disagree. 1 Pa. Code §9.201, promulgated by the Joint Committee on Documents, provides that every administrative regulation shall indicate expressly the statutory or other authority under which it is

issued, including specific rule-making authority, if any, delegated by statute. The Standards before us now were issued by publication on April 7, 1973. The statutory authority in that publication does not authorize the Department to issue standards for county jails and prisons. Consequently, the purported action by the Department is invalid.

Our decision here may appear to be technical. On the contrary, we think it is fundamental that bureaucratic regulations having the force of law must themselves be adopted pursuant to the correct law. Since it appears that the defect cannot be cured by the filing of an amended complaint, we have no choice other than to dismiss the Commonwealth's complaint.

ORDER

AND Now, this 20th day of February, 1979, the preliminary objection filed by the Defendants in the nature of a demurrer is sustained.